# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/07/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV21246

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: David Sotelo

1   Rosa K. Hirji (SBN 204722)
      *rosa@rkhlawoffice.com*
2   Alexander F. Rodriguez (SBN 322700)
      *alex@rkhlawoffice.com*
3   **LAW OFFICES OF HIRJI & CHAU, LLP**
    5173 Overland Avenue
4   Culver City, CA 90230
    Tel: (310) 391-0330 // Fax: (310) 943-0311
5
    Suzanne N. Snowden (SBN 181524)
6     *s.snowden@sjmlawgroup.com*
    **SJM Law Group, LLP**
7   1295 West Sunset Blvd.
    Los Angeles, CA 90026
8   Tel: (213) 213-2530 // Fax: (213) 260-6111

9   *Attorneys for Plaintiff S.C. through GAL*
10  *SERGIO CARDENAS, Sr.*

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                  **FOR THE COUNTY OF LOS ANGELES**

13

14  S.C., by and through his Guardian Ad Litem          Case Number:           Unassigned
    (pending),
15                                                       **21STCV21246**
                            Plaintiff,                   **COMPLAINT FOR MONETARY**
16                                                       **DAMAGES**

17  v.                                                   **DEMAND FOR JURY TRIAL**

18  COUNTY OF LOS ANGELES, a                             Compliant Filed:      June 5, 2021
    government entity; SOUTH CENTRAL LOS
19  ANGELES REGIONAL CENTER, a private
    nonprofit community agency; LOS
20  ANGELES UNIFIED SCHOOL DISTRICT,
    a public entity; ABC UNIFIED SCHOOL
21  DISTRICT, a public entity; COLLEGE
    HOSPITAL, a corporation; and DOES 1
22  through 50, inclusive,

23                          Defendants.

24  //

25  //

26  //

27  //

28

                                          **1**
                          **COMPLAINT FOR MONETARY DAMAGES**

1    Plaintiff S.C. by and through his Guardian Ad Litem (pending), brings this action to

2  recover monetary damages for injuries as a consequence of Defendants COUNTY OF LOS

3  ANGELES ("COUNTY"), ABC UNIFIED SCHOOL DISTRICT ("ABCUSD") , LOS

4  ANGELES UNIFIED SCHOOL DISTRICT ("LAUSD"), COLLEGE HOSPITAL, SOUTH

5  CENTRAL LOS ANGELES REGIONAL CENTER ("REGIONAL CENTER"), and DOES 1

6  through 50, inclusive (collectively "DEFENDANTS"), violations of disability discrimination

7  action laws

8    In support of this Complaint (the "Complaint"), Plaintiff alleges as follows:

9    **INTRODUCTION**

10    1.   Plaintiff S.C. is an 18-year-old dependent with mental health disabilities, who is under

11  the Jurisdiction of the Juvenile Dependency Court. His father, Sergio Cardenas Sr., holds a

12  mental health LPS conservatorship. See Welf. & Inst. Code §5350 et seq.

13    2.   Since early childhood, S.C. has been under the care and supervision of one or more of the

14  Defendants. As a child with disabilities, each Defendant owed mandatory state and federal

15  statutory and common-law duties to provide care and support services for S.C. As a consequence

16  of each Defendants' dereliction of duties, S.C. has suffered a horrible life and has been subject

17  to, among other things, abandonment, lack of safety/security, instability in caregivers and home

18  placements, violence and sexual assault, and unregulated mental health crises. These resulted in

19  his repeated institutionalization and drove him to attempt self-harm, including setting himself on

20  fire. His tragic adolescence ended with almost three (3) years of continuous wrongful

21  confinement and abandonment in a locked psychiatric facility where he was subject to restraints

22  and sedating medication.

23    3.   Plaintiff S.C., brings this disability discrimination action against Defendants, who have

24  caused (1) physically injury, emotional distress, and mental impairment, (2) a deprivation of

25  educational services, mental health services, behavioral supports, placement, and case

26  management services in the community, and (3) a permanent loss of developmental opportunity.

27    4.   Defendant COUNTY and REGIONAL CENTER failed to provide S.C. access to

28  intensive mental health and behavioral services that he required to live in the community setting,

1   resulting in frequent and disruptive losses of placement.

2       5.   All DEFENDANTS, collectively and individually, confined and abandoned S.C. at

3   COLLEGE HOSPITAL for an extended period of time, due to their failure and refusal to offer

4   him a therapeutic residential placement.

5       6.   DEFENDANTS' actions have denied S.C. his right to fully participate in all aspects of

6   society, resulted in collateral life-long consequences, caused deprivation to S.C.'s liberty and

7   caused him harm.

8

9                              **JURISDICTION AND VENUE**

10      1.   This Court has jurisdiction over the subject matter of this action pursuant to California

11  Constitution, article VI, section 10.

12      2.   Venue lies with this Court. The acts or omissions complained of occurred in the County

13  of Los Angeles, Cal. Civ. Code § 393; and at least one Defendant is located in the Los Angeles,

14  Cal. Civ. Code § 394(a). The Central District of this Court is the proper location per Local

15  Rule 2.3(a)(1)(B).

16

17                                    **PARTIES**

18  *Plaintiff*

19      3.   Plaintiff S.C., ("Plaintiff" or "S.C."), is a 17-year-old student who is currently attending

20  an educationally based residential treatment facility, at Judge Rotenberg Center located in

21  Canton, Massachusetts, funded by Defendant LAUSD.

22      4.   Plaintiff is and at all times pertinent to this Complaint has been a natural person, and a

23  resident of the State of California.

24      5.   Plaintiff S.C.'s selection and appointment of his Guardian Ad Litem is pending at the

25  time of filing this Complaint.

26  *Defendants*

27      6.   Defendant COUNTY OF LOS ANGELES ("COUNTY") through its Department of

28  Children and Family Services ("DCFS") is, and at all times pertinent to this Complaint has been,

1    a "public entity" as defined by California Government Code §811.2, a "county" and a "public

2    agency" in the State of California and at all times herein mentioned Defendant COUNTY was

3    acting as a public agency and county within the provisions of the Government Code §811.2.

4       7.    Defendant ABC UNIFIED SCHOOL DISTRICT ("ABCUSD") is, and at all times

5    pertinent to this Complaint has been, a Unified school district as defined Education Code section

6    83, whose territorial jurisdiction lies within the County of Los Angeles, state of California.

7       8.    Defendant LOS ANGELES UNIFIED SCHOOL DISTRICT ("LAUSD") is, and at all

8    times pertinent to this Complaint has been, a Unified school district as defined Education Code

9    section 83, whose territorial jurisdiction lies within the County of Los Angeles, state of

10    California.

11       9.    Defendant COLLEGE HOSPITAL ("COLLEGE") is, and at all times pertinent to this

12    Complaint has been, a psychiatric hospital and corporation, who maintains an office and

13    conducts business within the County of Los Angeles.

14       10.    Defendant SOUTH CENTRAL LOS ANGELES REGIONAL CENTER ("REGIONAL

15    CENTER") is, and at all times a private, nonprofit community agency established pursuant to the

16    Lanterman Developmental Disabilities Services Act (Welf. & Inst. Code §4500 et seq.) to assist

17    the California Department of Developmental Services ("DDS") in providing developmentally

18    disabled residents within the County of Los Angeles with access to various support services.

19       11.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES

20    I through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff

21    will amend this Complaint to allege the DOE Defendants' true names and capacities when

22    ascertained. Plaintiff is informed, believe and allege that each fictitiously named Defendant is

23    responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries, as

24    herein alleged, were proximately caused by Defendants.

25       12.    Hereafter, references to "DEFENDANTS" shall include those identified in Paragraphs 6

26    through 11, inclusive.

27    //

28    //

## FACTS COMMON TO ALL CLAIMS

13.    S.C. is diagnosed with bipolar disorder with a history of psychosis, autism spectrum disorder, depression, anxiety and mild intellectual disability.

14.    By virtue of his disabilities, S.C. exhibits impaired impulse control and judgment, poor insight, aggression and assaultive behavior, elopement, vocal disruption and inappropriate boundaries.

15.    Since the age of three, S.C. has been known or regarded as having developmental delays and from 2007 to present, as having significant mental impairments.

16.    In 2005, S.C. was identified by his local educational agency as a student with a disability under the Individuals with Disabilities in Education Act. He remains eligible.

17.    In 2007 S.C. was identified by the REGIONAL CENTER as eligible for services under the Lanterman Developmental Disabilities Services Act.  He remains eligible.

18.    S.C.'s mother was critically ill and his parents were unable to care for him and address his disabilities. For this reason, in or around November 2008, S.C. was voluntarily placed by his parents into foster care, and became the responsibility of the COUNTY.

19.    Between 2008 and 2016, COUNTY placed him in at least five different foster homes or with relative caregivers, but without ensuring appropriate mental health, behavioral health and other disability related services.

20.    Between 2008 and 2016, REGIONAL CENTER failed to provide S.C. with appropriate mental and behavioral health, and other disability related services.

21.    As a result, S.C eloped repeatedly, experienced mental health crises, and the placements did not succeed.

22.    On or around May 7, 2010, COUNTY placed S.C. in a foster home where he eloped and was found at a park unattended.

23.    On or around January 2011, S.C. was hospitalized at Kedren Community Health Center for being a danger to himself and others.

24.    In 2012, COUNTY placed him with his grandmother, but S.C. eloped.

25.    Between November 5, 2014 and February 1, 2015, S.C. was hospitalized at Augustus

1   Hawkins Mental Health Center.

2   26.   Between February 17, 2015 and June 24, 2015, S.C. COUNTY placed him at a group

3   home, but the placement was not successful.

4   27.   On or around August 18, 2015, COUNTY placed S.C. was placed with his father, and he

5   attended school at a nonpublic school called Tobinworld. Due to lack of mental and behavioral

6   health support and other disability related services, his home and school placement did not

7   succeed.

8   28.   In 2016, COUNTY placed S.C. in a residential facility, Hathaway Sycamore, but the

9   placement did not succeed.

10  29.   Between May 11, 2016 and June 15, 2016, COUNTY caused S.C. to be hospitalized at

11  COLLEGE HOSPITAL. There, upon information and belief and alleged herein, he was sexually

12  assaulted.

13  30.   Between December 2016 and June 2017, COUNTY caused S.C. to be hospitalized at

14  Augustus Hawkins due to elopement behavior.

15  31.   In June 2017, COUNTY placed S.C. at a Foster home called "I Am Safe" but without

16  appropriate mental and behavioral health and other disability related services. On July 17, 2017,

17  he eloped from his foster home and was sexually assaulted.

18  32.   COUNTY returned him to "I Am Safe" but S.C. eloped again. S.C. was picked up by

19  police.

20  33.   Between August 14, 2017 and October 6, 2017, COUNTY caused S.C. to be detained in

21  Juvenile Hall.

22  34.   On October 7, 2017, COUNTY placed S.C. at a residential facility, Hathaway Sycamore.

23  35.   Between October 7, 2017 and November 30, 2017, S.C. eloped from Hathaway

24  Sycamore, and set himself on fire at Union Station. Parents were called and took him to County

25  USC Hospital for treatment.

26  36.   After his hospitalization, Defendant COUNTY returned S.C. to Hathaway Sycamore.

27  Again, S.C. eloped and was missing for some days. After he was located, COUNTY caused S.C.

28  to be psychiatrically admitted to COLLEGE HOSPITAL.

37.   On November 30, 2017, S.C. was admitted to the Developmentally Delayed Mental illness Unit at COLLEGE HOSPITAL, a psychiatric hospital, with an estimated length of stay to be five to seven days.

38.   Once admitted, COUNTY failed to make reasonable efforts and failed to locate a placement for S.C., prolonging his stay.

39.   On December 4, 2017, while a patient at COLLEGE HOSPITAL and under COUNTY's SUPERVISION, S.C. was required to attend a hearing at Edelman Children's courthouse with walking restraints attached to his ankles.

40.   Upon information and belief, it is alleged that during all the times that S.C. was a patient, COLLEGE HOSPITAL failed to provide appropriate mental health and behavioral supports to prevent S.C. from harming himself, and unreasonably relied on physical restraints and psychotropic medications.

41.   On February 23, 2018, S.C. suffered a serious injury at COLLEGE HOSPITAL, which required that he be taken to another hospital for treatment for several days.

42.   On February 26, 2018, COUNTY caused S.C. to return to COLLEGE HOSPITAL.

43.   On August 30, 2018, while still a patient at COLLEGE HOSPITAL and under the supervision of COUNTY, S.C. was transported to Edelman Children's courthouse with walking and wrist restraints. After the court hearing, S.C. experienced a mental health crisis. S.C. was restrained.

44.   On or about September 5, 2018, S.C. was ready for discharge from COLLEGE HOSPITAL, but COLLEGE HOSPITAL would not release him until an appropriate placement was located.

45.   COLLEGE HOSPITAL failed to provide formal notice to ABCUSD and/or LAUSD as required by Government Code Sec. 7579.1 that he was ready for discharge.

46.   On September 15, 2018, COLLEGE HOSPITAL unreasonably restrained and medicated S.C.

47.   On November 8, 2018, ABCUSD determined that S.C. required intensive mental health and behavioral health services to benefit from special education in the least restrictive

1   environment, and that upon his discharge from COLLEGE HOSPITAL, placement may be

2   considered at an educationally based residential treatment center by the school district of

3   residence.

4       48.   ABCUSD was on notice that S.C. was ready for discharge and that he was not receiving

5   intensive mental health services from COLLEGE HOSPITAL and was being denied a Free and

6   Appropriate Public Education ("FAPE") while residing at COLLEGE HOSPITAL.

7       49.   ABCUSD was on notice that S.C. required an educationally based residential treatment

8   facility in order to benefit from his special education and related services.

9       50.   ABCUSD refused to make a formal offer of intensive mental health services or

10  placement in S.C.'s Individualized Education Program, because that would subject it to financial

11  responsibility for the placement.

12      51.   ABCUSD disclaimed any responsibility over offering S.C. a FAPE, contending that

13  S.C.'s placement after discharge from COLLEGE HOSPITAL was the responsibility of LAUSD,

14  which was S.C.'s school district of residence.

15      52.   The school district of residence, LAUSD was on notice that it was S.C.'s school district

16  of residence and was on notice that ABCUSD was refusing to make a placement offer.

17      53.   LAUSD refused to participate in S.C.'s IEP development process, and refused to take any

18  responsibility over S.C.'s educational services or placement until after he was released from

19  COLLEGE HOSPITAL.

20      54.   Without a formal offer, a S.C. could not secure an educationally based residential

21  treatment center placement from either ABCUSD or LAUSD, and without a secured placement,

22  COLLEGE HOSPITAL would not discharge S.C.

23      55.   REGIONAL CENTER is a payer of last resort pursuant to Welfare and Institutions Code

24  §4648(a)(9)(A).   REGIONAL CENTER was on notice that S.C. was ready for discharge from

25  COLLEGE HOSPITAL, that COUNTY, ABCUSD and LAUSD had failed to make reasonable

26  efforts and failed to locate a placement, and that continued hospitalization was highly detrimental

27  to S.C.'s well-being. Yet REGIONAL CENTER failed to make reasonable efforts and failed to

28  offer a placement to S.C.

56.     On December 18, 2019, S.C., through his educational attorneys, filed with California Office of Administrative Hearings ("OAH") an administrative due process complaint against ABCUSD and LAUSD pursuant to 20 U.S.C. §1415(f) of the Individuals with Disabilities Education Act ("IDEA"), seeking a determination as to each agency's responsibilities over offering and securing a placement for S.C.

57.     On February 2, 2020, S.C.'s mother died. COLLEGE HOSPITAL and COUNTY required S.C. to attend his mother's funeral in wrist and feet restraints.

58.     On May 27 and 28, 2020, in the case designated as *Student v. ABCUSD et. al.,* Case No. 2019120715, OAH heard Plaintiff's due process request.

59.     On July 21, 2020, OAH ordered that Defendant ABCUSD hold an IEP team meeting within 30 days to consider a full continuum of placement options, including a residential treatment center, and to offer S.C. an appropriate educational placement.

60.     OAH found that LAUSD, as the district of residence, was responsible for implementing the IEP immediately upon discharge, which also included funding transportation.

61.     OAH found that Government Code Section 7579.1 imposed a duty on LAUSD to prepare to receive S.C. and implement the placement the moment the discharge papers were signed.

62.     ABCUSD did not immediately comply with OAH's order.

63.     ABCUSD failed to make reasonable efforts to locate an RTC placement for S.C.

64.     LAUSD failed to make reasonable efforts to prepare to receive S.C. as its student.

65.     ABCUSD and LAUSD's failure extended S.C.'s stay at COLLEGE HOSPITAL.

66.     On October 19, 2020, ABCUSD held an IEP meeting and offered S.C. placement at the Judge Rotenberg Educational Center, Residential Treatment Facility, and offered intensive mental health and behavioral services.

67.     On October 22, 2020, ABCUSD sent the October 19, 2020 IEP to LAUSD.

68.     LAUSD delayed and failed to make reasonable efforts to secure a contract with the Judge Rotenberg Center.

69.     On or after February 9, 2021, S.C. was discharged from COLLEGE and on February 17, 2021, S.C. arrived at Judge Rotenberg Center, where he currently resides.

1    70.    Due to the combined derelictions of COUNTY, ABCUSD, LAUSD, REGIONAL

2    CENTER, and COLLEGE HOSPITAL, S.C. remained confined in a locked psychiatric setting

3    for <u>a period of two and a half years after he was ready for discharge.</u>

4    71.    As a result of the DEFENDANTS' actions and/or omissions, Plaintiff suffered emotional

5    distress, humiliation, pain and suffering, trauma, violations of rights under the U.S. Constitution,

6    and violation of rights under the California Constitution.

7

8                                    **<u>EXHAUSTION</u>**

9    72.    After fully exhausting his claims under the IDEA, 20 U.S.C § 1415, S.C. now brings this

10   action alleging that Defendants discriminated against him on the basis of his disability, and seeks

11   equitable relief and monetary damages.

12

13            **<u>COMPLIANCE WITH GOVERNMENT CLAIM REQUIREMENTS</u>**

14   73.    On November 6, 2020, Plaintiff filed an administrative claim pursuant to California

15   Government Code § 910 et seq., with the LAUSD, ABCUSD, and Los Angeles County Office of

16   Education notifying these named Defendants of claims that are now set forth herein.

17   74.    Defendant LAUSD denied the claim on December 8, 2020.

18   75.    Defendant ABCUSD denied the claim on December 17, 2020.

19   76.    On June 5, 2021, Plaintiff filed an administrative claim pursuant to California

20   Government Code §910 et seq. with the Los Angeles County Department of Child and Family

21   Services notifying Defendant of claims that are now set forth herein.

22   77.    Defendant COUNTY as yet to respond to Plaintiff's claim.

23   78.    Plaintiff has thus complied with the requirements of Government Code Section 910, et.

24   seq.

25   //

26   //

27   //

28   //

*Causes of Action as to Defendant COUNTY*

### FIRST CAUSE OF ACTION
**Negligence and Negligent Supervision**
by Plaintiff S.C. against COUNTY and DOES 1 through 10

79.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 78, inclusive, as though set forth fully herein.

80.   DEFENDANT COUNTY and their employees DOES 1 through 10, inclusive, (collectively herein "DEFENDANTS"), owed S.C. a duty to care for, protect, and oversee his placements and foster care and mental health services.

81.   DEFENDANTS had a special relationship with Plaintiff, which imposes independent affirmative duty of care owed by DEFENDANTS to Plaintiff.

82.   California Government Code §820(a) provides that a public employee is liable for injury proximately caused by his/her own negligent or wrongful act or omission to the same extent as a private person. At all times DOES 1 through 10 were acting within the course and scope of their public employment by COUNTY.

83.   DEFENDANTS knew or should have known S.C. was a person with a disability whose disabilities required mental health and behavioral health services as described in Paragraphs 13 through 17, inclusive, because Plaintiff had a record of his disabilities and DEFENDANTS regarded him as an individual with disabilities.

84.   Given his disabilities, Plaintiff S.C. was particularly vulnerable, thus requiring DEFENDANTS to exercise a higher degree of vigilance than would be necessary for an individual with no disabilities.

85.   DEFENDANTS breached their aforementioned duties by failing to provide a safe and secure placement with intensive mental health and behavioral services, resulting in his frequent elopement and exposure to violence and harm, and by confining him in a psychiatric hospital and/or juvenile hall to his detriment.

86.   Defendant COUNTY is vicariously and otherwise liable for the torts of their employees

1 DOES 1 through 10, inclusive, who were acting within the scope of their employment when they

2 intentionally or negligently failed to train, supervise, discipline, or terminate employees who

3 facilitated, encouraged, ordered, consented to, or engage in the actions described herein. *See* Cal.

4 Gov. Code § 815.2(a).

5   87.   S.C.'s injuries were the proximate and foreseeable result of the absence of safeguards

6 DEFENDANTS had a duty to provide. Furthermore, S.C.'s injuries were the proximate and

7 foreseeable as DEFENDANTS were aware of S.C.'s disability related behavior based on his

8 education and juvenile court records.

9   88.   S.C. suffered severe emotional and physical distress including humiliation, pain and

10 suffering.

11   89.   Plaintiff S.C. seeks general damages, nominal damages, as well as costs incurred in

12 bringing this action.

13

14                    **SECOND CAUSE OF ACTION**
                    **Violation of Mandatory Statutory Duties**
15         by Plaintiff S.C. against Defendant COUNTY and DOES 1 through 10

16

17   90.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

18 through 89, inclusive, as though set forth fully herein.

19   91.   California Government Code §815.6 provides a private right of action where a public

20 entity is under a mandatory duty imposed by an enactment that is designed to protect against the

21 risk of a particular kind of injury, such that the public entity is liable for an injury of that kind

22 proximately caused by failure to discharge the duty unless the public entity establishes that is

23 exercised reasonable diligence to discharge that duty.

24   92.   California Government Code §815.2 provides that a public entity is liable for injury

25 proximately caused by an act or omission of an employee of the public entity within the scope of

26 his or her employment if the act or omission of an employee or his personal representative.

27   93.   California Government Code §815.4 provides that a public entity is liable for injury

28 proximately caused by a tortious act or omission of an independent contractor of the public entity

1  to the same extent that the public entity would be subject to liability if it were a private person.

2  94.  California Welfare and Institutions Code §§300 et seq., 16000, 16001.9, 16500 et seq.,

3  California Education Code §§56155, 56156.4, and 56159, and California Government Code

4  §7579.1, set forth the generally described legislative intent:

5    a.  To provide for the care and supervision of children placed in foster homes;

6    b.  To focus on the preservation of the family as well as to provide maximum

7        protection for physically, sexually, emotional abused and/or neglected minors

8        who had been judicially determined to be dependents of the Superior Court of the

9        State of California and a mandate to establish and maintain a case plan

10       individually describing and detailing the necessary treatment for known medical,

11       social, educational and/or other developmental and behavioral needs of a

12       dependent minor such as Plaintiff;

13   c.  Require that Plaintiff be placed consistent with his individual best interests, and

14       that Defendants, and each of them, were to supervise and to monitor Plaintiff's

15       physical and emotional condition;

16   d.  To take necessary action to safeguard Plaintiff's growth and development while in

17       foster placement, among other things, in order to provide for Plaintiff's safety and

18       protection while in foster care;

19   e.  To ensure that Plaintiff as a dependent child of the Juvenile Court be entitled to

20       participate in age-appropriate schooling, extracurricular, enrichment, and social

21       activities; and

22   f.  To ensure that the agency that placed a child in a licensed children's institution or

23       foster family home, shall, at least 10 days prior to the discharge of a disabled

24       youth, notify in writing the local educational agency in which the special

25       education program for the child is being provided, and the receiving special

26       education local plan area where the child is being transferred, of the impending

27       discharge.

28  95.  At all times mentioned herein, Defendants COUNTY and DOES 1 through 10, inclusive,

13

**COMPLAINT FOR MONETARY DAMAGES**

1   (collectively herein "DEFENDANTS") owed the following mandatory duties of care to Plaintiff

2   pursuant to the following statutes, among others:

3        a.  Pursuant to California Government Code §815.6, said DEFENDANTS owed

4           mandatory duties impose by the enactment and regulations described below which

5           were designed to protect Plaintiff against the risk of the particular injuries

6           complained herein and said Defendants are therefore liable to Plaintiff for such

7           injuries proximately suffered;

8        b.  Pursuant to California Welfare and Institutions Code §§361.2(e) and (k), Plaintiff

9           had been ordered by the juvenile court to be under DEFENDANTS exclusive

10           care, custody, and control to placed in a suitable placement;

11       c.  Pursuant to California Welfare and Institutions Code §362.05, Plaintiff had been

12           ordered by the juvenile court to be under DEFENDANTS' exclusive care,

13           custody, and control to receive appropriate extracurricular, enrichment, and social

14           activities;

15       d.  Pursuant to California Welfare and Institutions Code §16001.9, DEFENDANTS

16           were mandated to ensure that Plaintiff was provide with a safe, healthy, and

17           comfortable home, and placed in the least restrictive setting possible;

18       e.  Pursuant to California Welfare and Institutions Code §16501(c) and (h),

19           DEFENDANTS were mandated to provide Plaintiff case management, family

20           reunification services to reunite the family, and child welfare services as specified

21           in the various DDS regulations set forth below, and as necessary to protect and

22           promote Plaintiff's welfare and prevent Plaintiff's neglect, abuse and/or

23           exploitation while under court supervision;

24       f.  Pursuant to California Welfare and Institutions Code §16501.1(c), (d) and (f),

25           DEFENDANTS were mandated to develop case plans for Plaintiff to ensure his

26           receipt of protection and safe and proper case management to address his

27           particular family reunification services to reunite the family, child welfare

28           services as specified in the various DDS Regulations in foster care; was mandated

to make pre-placement assessments of prospective foster placements for Plaintiff, was mandated to base the selection of Plaintiff's placement on selection of a safe setting; and was mandated to have contact with Plaintiff, his caretakers and his parents in accordance with DDS regulations;

g. Pursuant to California Welfare and Institutions Code §16501.1(2), DEFENDANTS were mandated to provide to Plaintiff a case plan for safe and proper care and case management while services were provided to reunite the family;

h. Pursuant to California Welfare and Institutions Code §16502, DEFENDANTS were mandated to provide Plaintiff child welfare services in accordance with DDS regulations;

i. Pursuant to California Education Code §56156.4, DEFENDANTS were mandated to provide Plaintiff with appropriate special education services;

j. Pursuant to California Education Code §56159, DEFENDANTS were mandated to fund Plaintiff's residential costs and costs of non-education services; and

k. Pursuant to California Government Code §7579.1, DEFENDANTS were mandated to inform in writing specific local educational agencies of Plaintiff's discharge to ensure that Plaintiff receives an appropriate educational placement that commences without delay upon his discharge from a hospital, institution, facility or foster family home.

96. Plaintiff is informed, believes, and alleges that at all times herein DEFENDANTS inclusive, violated the mandatory statutory duties imposed upon them by California Welfare and Institutions Code §§300 et seq., 16000, 16001.9, 16500 et seq., California Education Code §§56155, 56156.4, and 56159, and California Government Code §7579.1, by the following:

a. Failing to provide Plaintiff intensive mental health and behavioral health services;

b. Failing to provide Plaintiff with appropriate extracurricular, enrichment, and social activities;

//

    c.   Failing to place Plaintiff in an appropriate, safe and secure placement which met his special needs and was in the least restrictive setting possible;

    d.   Failing to develop an appropriate and updated case plan for Plaintiff to ensure his protection and safe and proper case management to address his needs;

    e.   Excluding him from same age peers for his disability related behavior;

    f.   Confining him for an extensive period at COLLEGE HOSPITAL and/or juvenile hall;

    g.   Interfering with the efforts of other agencies to provide disability related services;

    h.   Failing to inform in writing the local educational agency in which Plaintiff's special education program was being provided, and the receiving special education local plan area where Plaintiff was being transferred, of his impending discharge from COLLEGE HOSPITAL; and

    i.   Failing to provide Plaintiff's receiving special education local plan area with a copy of his individualized education plan, the identity of the individual responsible for representing Plaintiff's interests for educational and related services for his impending placement, and other relevant information to meet Plaintiff's needs.

97.   DEFENDANTS breached each and every of its various mandatory duties of care owed to Plaintiff as generally alleged herein so as to proximately cause Plaintiff to suffer the injuries and damages as alleged herein.

98.   DEFENDANTS' breach of its mandatory duties of care owed to Plaintiff as described herein was the result of the Defendant's failure to exercise reasonable diligence in the discharge of its respective duties owed to Plaintiff as set forth herein.

99.   DEFENDANTS breach of the mandatory duties of care owed to Plaintiff as set forth herein establishes a presumption of the Defendants' negligence pursuant to California Evidence Code §669.

100.  As the direct and proximate result of DEFENDANTS acts and/or omissions, S.C. (1) was physically injured and his condition was exacerbated, (2) suffered emotional distress, and

1   humiliation, (3) was deprived of public education, foster care, and health services, and (4) also

2   experienced a permanent loss of developmental opportunity. Plaintiff has suffered general

3   damages in an amount according to proof.

4   101.  As a further proximate result of the breach of mandatory duties alleged against

5   DEFENDANTS, Plaintiff has incurred and will continue to incur medical, psychological and

6   related expenses in an amount according to proof. As a further proximate result of

7   DEFENDANTS' acts and/or omissions, Plaintiff has sustained a loss of earning capacity in an

8   amount according to proof.

9

10   **THIRD CAUSE OF ACTION**

11   **Unruh Civil Rights Act**
     by Plaintiff S.C. against Defendants COUNTY and DOES 1 through 10

12   Cal. Civ. Code §§51, et seq.

13   102.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

14   through 101, inclusive, as though set forth fully herein.

15   103.  As defined for purposes of the Unruh Civil Rights Act, (the "Unruh Act") by Civil Code

16   §51(e)(1), and described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. has a disability

17   within the meaning of the Unruh Act.

18   104.  Defendant COUNTY is a business establishment for the purposes of the Unruh Act.

19   105.  Defendant DOES 1 through 10, inclusive, are employees of the Defendant COUNTY and

20   are sued in both their official and individual capacity.

21   106.  Pursuant to Civil Code §51(f), the ADA violation committed by Defendants COUNTY

22   and DOES 1 through 10, inclusive, as alleged in Paragraphs 127 through 137, inclusive, also

23   constitutes a violation of the Unruh Act against all Defendants.

24   107.  Alternatively, by engaging in the actions described in Paragraphs 13 through 71,

25   inclusive, Defendants COUNTY and DOES 1 through 10, inclusive, engaged in discriminatory

26   conduct that denied, aided, or incited a denial of the rights of Plaintiff S.C. to enjoy the full and

27   equal access to his accommodations, goods, facilities, and services.

28   108.  As described in Paragraphs 13 through 71, inclusive, Defendants COUNTY and DOES 1

1   through 10, inclusive, actions were intentional, willful, and affirmatively discriminatory towards

2   Plaintiff's rights under the Unruh Act because Defendants' refusal to place Plaintiff was

3   deliberate, with the full knowledge that their failure to act resulted in his prolonged and

4   continued confinement in a psychiatric hospital and/or juvenile hall.

5   109.   As the direct and proximate result of Defendants COUNTY and DOES 1 through 10,

6   inclusive, failure to provide those aforementioned related aids, services and placement and

7   discriminatory actions, S.C. (1) was physically injured and his mental impairment was

8   exacerbated, (2) suffered emotional distress, and humiliation, (3) was deprived of educational

9   services, mental health services, behavioral supports, placement, and case management services

10   in the community, and (4) and experienced a permanent loss of developmental opportunity.

11   110.   Under Civil Code §52(a), Plaintiff S.C. is entitled to recover statutory damages, general

12   damages as well as treble damages according to proof.

13

14                        **FOURTH CAUSE OF ACTION**
                     **Violation of California Government Code §11135**
15          by Plaintiff S.C. against Defendant COUNTY and DOES 1 through 10

16

17   111.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

18   through 110, inclusive, as though set forth fully herein.

19   112.   California Government Code §11135 states in relevant part that "[N]o person in the State

20   of California shall on the basis of . . . mental disability, physical disability, medical condition . .

21   . be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to

22   discrimination under, any program or activity that is conducted, operated, or administered by the

23   state or by any state agency, is funded directly by the state, or receives financial assistance from

24   the state."

25   113.   At all times relevant to this action, Plaintiff was and is a qualified individual within the

26   meaning of the California Government Code §11135.

27   114.   At all times relevant, Defendants COUNTY and DOES 1 through 10, inclusive,

28   (collectively herein "DEFENDANTS") received financial assistance from the State of California

1  within the meaning of Government Code §11135 *et seq.*

2  115. California Government Code §11135(b) incorporated the protections and prohibitions

3  contained in the Americans with Disabilities Act ("ADA") and it's implementations regulations.

4  116. DEFENDANTS have violated California Government Code §11135 that the conduct

5  alleged herein constitutes a violation of the ADA, Section 504 of the Rehabilitation Act, and the

6  Unruh Civil Rights Act.

7  117. DEFENDANTS have failed to provide Plaintiff with full and equal access to their

8  facilities, programs, services and activities as required by California Government Code §11135

9  *et seq.*

10  118. As a proximate result of DEFENDANTS' violation of California Government Code

11  §11135, Plaintiff has been injured as set forth herein.

12  119. Plaintiff seeks equitable relief, and general damages.

13

14  **FIFTH CAUSE OF ACTION**
   **Violation of Civil Rights**
15  by Plaintiff S.C. against Defendants COUNTY and DOES 1 through 10
   42 U.S.C. §1983
16

17  120. Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

18  through 119, inclusive, as though set forth fully herein.

19  121. Plaintiff is informed, believes, and alleges that in doing all of the things alleged,

20  Defendant COUNTY through DCFS acted under color of law of statutes, regulations,

21  ordinances, customs, usages of the COUNTY and the State of California and in the performance

22  of their official duties.

23  122. At all times, Defendant COUNTY had a duty to adequately train, direct, supervise, and

24  control the actions of Defendant COUNTY DCFS' employees, such as DOES 1 through 10,

25  inclusive, to enforce those rules and regulations set forth necessary for the protection and

26  promotion of Plaintiff best interests and the implementation of Plaintiff's case plan, and to

27  enforce compliance with the COUNTY Juvenile Court's orders in effect.

28  123. At all times, Defendant DOES 1 through 10, inclusive, were acting within the scope of

1  their employment and pursuant to the official policies, customs and practices of Defendant

2  COUNTY through DCFS. These unlawful policies and practices were enforced by Defendant

3  COUNTY, and were the moving force, proximate cause, or affirmative link behind the conduct

4  causing injury to Plaintiff.

5  124.  At all times, Defendant COUNTY, who supervised the individuals who unlawfully

6  violated Plaintiff's rights, developed, encouraged and tolerated the unlawful policies and

7  practices described in the foregoing allegations. Defendant COUNTY acted knowingly and with

8  deliberate indifference to the Constitutional rights of citizens, of Plaintiff in particular, and

9  maintained and permitted an official policy, custom and practice of permitting the occurrence of

10  the types of wrongs set forth. These policies, customs, and practices, include, but are not limited

11  to, knowingly permitting its agents and employees to act with deliberate indifference in the

12  implementation of and in the failure to implement the various alleged laws, enactments, statutes,

13  and regulations for its minor dependents such as Plaintiff.

14  125.  Defendants COUNTY and DOES 1 through 10, inclusive, conduct as alleged threatened

15  to deprive and did deprive Plaintiff of his rights, privileges, and immunities as secured to him by

16  the Constitution of the United States, including Plaintiff's right to safety and freedom from harm,

17  and the right not to be deprived of state or federally created liberty or property rights as

18  guaranteed by the First, Fourth, Eighth, and Fourteenth Amendment to the United States

19  Constitution.

20  126.  In addition to economic and non-economic damages, Defendants COUNTY and DOES 1

21  through 10, inclusive, violations of Plaintiff's civil rights as alleged entitles Plaintiff to

22  compensatory damages, attorney fees and other remedies, all of which are provided for in 42

23  U.S.C. §1983, et seq.

24  //

25  //

26  //

27  //

28  //

**SIXTH CAUSE OF ACTION**
**Americans with Disabilities Act**
by Plaintiff S.C. against Defendant COUNTY
42 U. S. C. §§ 12101, *et seq.*
42 U.S.C. §§12181, *et seq.*

127.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 126, inclusive, as though set forth fully herein.

128.   Defendant COUNTY is a public entity within the meaning of Title II of the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. §12131(1).

129.   Under Title II of the ADA, "[N]no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. §12132.

130.   At all times pertinent to this Complaint, S.C.'s disabilities have substantially limited one or more of his major life activities, including (1) learning, (2) concentrating , (3) thinking, (4) communicating (5) interacting,  and (5) attending school. Accordingly, S.C.'s impairments constitute a "disability" as defined in 42 U. S. C. § 12102(1).

131.   By virtue of his disability as described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. is a qualified individual within the meaning of the ADA and regulations issued thereunder.

132.   Defendant COUNTY knew or should have known S.C. was a person with a disability whose disabilities required mental health and behavioral health services as described in Paragraphs 13 through 17, inclusive, because Plaintiff had a record of his disabilities and DEFENDANTS regarded him as an individual with disabilities.

133.   Defendant COUNTY knew or should have known that Plaintiff required related aids, services and placement in order to sustain any placement in the most integrated setting, and as such, obtain benefit from its programs, because it had a record of the need for these  supports from assessments found in Plaintiff's education and juvenile court records.

134.   Defendant COUNTY discriminated against S.C., when it (1) failed to provide intensive mental health and behavioral services required to sustain a placement, (2) regularly excluded him

1  from placements because of disability related behavior, (3) denied him access to the most

2  integrated setting appropriate to his needs, and (4) confined him for an extensive period at

3  COLLEGE HOSPITAL and/or juvenile hall, thereby segregating him from society and denying

4  him the opportunity to benefit from its programs.

5  135.  Defendant COUNTY committed the acts and omissions alleged herein with deliberate

6  indifference to Plaintiff's rights because Defendant COUNTY was on notice that S.C.'s required

7  intensive mental health and behaviors services, and an appropriate placement, and that the lack

8  of the aforementioned were resulting in significant disruption to his education and foster care

9  and/or causing him to be held at a psychiatric hospital and/or juvenile hall placement.

10  136.  As the direct and proximate result of Defendant COUNTY's failure to provide those

11  aforementioned related aids, services and placement and discriminatory actions, S.C. (1) was

12  physically injured and his mental impairment was exacerbated, (2) suffered emotional distress,

13  and humiliation, (3) was deprived of educational services, mental health services, behavioral

14  supports, placement, and case management services in the community, and (4) and experienced a

15  permanent loss of developmental opportunity.

16  137.  Plaintiff S.C. seeks general damages, as well as reasonable attorneys' fees and costs

17  incurred in bringing this action.

18

19                              **SEVENTH CAUSE OF ACTION**

20                          **Section 504 of The Rehabilitation Act**
                          by Plaintiff S.C. against Defendant COUNTY

21                              29 U. S. C. §§ 794, et seq.

22  138.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 13

23  through 17, inclusive, as though set forth fully herein.

24  139.  Under the Rehabilitation Act, a qualified individual with a disability shall not, solely by

25  reason of their disability, be excluded from participation in or be denied the benefits of, or be

26  subjected to discrimination under any program or activity receiving federal financial assistance.

27  *See* 29 U. S. C. § 794.

28  140.  Under the Rehabilitation Act, the phrase "program or activity" includes local educational

1   agencies and other school systems. 29 U. S. C. § 794(b)(2)(B).

2   141.  Defendant COUNTY was a recipient of federal funding within the meaning of Section

3   504 of the Rehabilitation Act ("The Rehabilitation Act"). *See* 29 U.S.C. § 794(b).

4   142.  At all times pertinent to this Complaint, S.C.'s disabilities have substantially limited one

5   or more of his major life activities, including (1) learning, (2) concentrating , (3) thinking, (4)

6   communicating (5) interacting,  and (5) attending school. Accordingly, S.C.'s impairments

7   constitute a "disability" as defined in 34 C.F.R. §104.3(j).

8   143.  By virtue of his disability as described in Paragraphs 13 through 17, inclusive, Plaintiff

9   S.C. is a qualified individual within the meaning of The Rehabilitation Act and regulations

10   issued thereunder.

11   144.  Defendant COUNTY knew or should have known that Plaintiff required related aids,

12   services and placement in order to sustain any placement in the most integrated setting, and as

13   such, obtain benefit from its programs, because it had a record of the need for these  supports

14   from assessments found in Plaintiff's education and juvenile court records.

15   145.  Defendant COUNTY discriminated against S.C., when they (1) failed to provide

16   intensive  mental health and behavioral services required to sustain a placement, (2) regularly

17   excluded him from placements because of disability related behavior, (3) denied him access to

18   the most integrated setting appropriate to his needs, and (4) confined him for an extensive period

19   at COLLEGE HOSPITAL and/or Juvenile Hall, thereby segregating him from society and

20   denying him the opportunity to benefit from its programs.

21   146.  Defendant COUNTY violated 34 C.F.R. §104.33(a) & (b) and effectively excluded S.C.

22   from participation in, denied him the benefit of, and subjected him to discrimination under its

23   programs and activities. The foregoing exclusion, denial and discrimination were done solely by

24   reason of S.C.'s disability and therefore violated the Rehabilitation Act generally and 29 U.S.C.

25   §794(a) specifically.

26   147.  Defendant COUNTY committed the acts and omissions alleged herein with deliberate

27   indifference to Plaintiff's rights because Defendant COUNTY were on notice that S.C.'s

28   required intensive mental health and behavioral services, and an appropriate placement, and that

1   the lack of the aforementioned were resulting in significant disruption to his education and foster

2   care and/or causing him to be held at a psychiatric hospital and/or juvenile hall placement.

3   148.   Defendant COUNTY's acts and omissions alleged herein violated 34 C.F.R.

4   §§104.4(b)(1)(i) and 104.33(a) and (d) and excluded S.C. from participation in, denied him the

5   benefit of, and subjected him to discrimination under their programs and activities. The

6   foregoing exclusion, denial and discrimination were done solely by reason of S.C.'s disability

7   and therefore violated the Rehabilitation Act generally and 29 U.S.C. ¶794(a) specifically.

8   149.   As the direct and proximate result of Defendant COUNTY's failure to provide those

9   aforementioned related aids, services and placement and discriminatory actions, S.C. (1) was

10   physically injured and his mental impairment was exacerbated, (2) suffered emotional distress,

11   and humiliation, (3) was deprived of educational services, mental health services, behavioral

12   supports, placement, and case management services in the community, and (4) and experienced a

13   permanent loss of developmental opportunity.

14   150.   Plaintiff S.C. seeks general damages, as well as reasonable attorneys' fees and costs

15   incurred in bringing this action

16

17   ***Causes of Action as to Defendant ABCUSD***

18

19   **EIGHTH CAUSE OF ACTION**
   **Negligence and Negligent Supervision**
20   by Plaintiff S.C. against Defendants ABCUSD and DOES 11 through 20

21

22   151.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

23   through 150, inclusive, as though set forth fully herein.

24   152.   Defendants ABCUSD and their employees DOES 11 through 20, inclusive, (collectively

25   herein "DEFENDANTS"), owed S.C. a duty to care for, protect, and oversee his placements and

26   foster care and mental health services.

27   153.   DEFENDANTS had a special relationship with Plaintiff, which imposes independent

28   affirmative duty of care owed by DEFENDANTS to Plaintiff.

154.   California Government Code §820(a) provides that a public employee is liable for injury proximately caused by his/her own negligent or wrongful act or omission to the same extent as a private person. At all times DOES 11 through 20 were acting within the course and scope of their public employment by Defendant ABCUSD.

155.   DEFENDANTS knew or should have known S.C. was a person with a disability whose disabilities required mental health and behavioral health services as described in Paragraphs 13 through 17, inclusive, because Plaintiff had a record of his disabilities and DEFENDANTS regarded him as an individual with disabilities.

156.   Given his disabilities, Plaintiff S.C. was particularly vulnerable, thus requiring DEFENDANTS to exercise a higher degree of vigilance than would be necessary for an individual with no disabilities.

157.   DEFENDANTS breached their aforementioned duties by failing to provide a safe and secure placement with intensive mental health and behavioral services, resulting in his frequent elopement and exposure to violence and harm, and by confining him in a psychiatric hospital and/or juvenile hall to his detriment.

158.   Defendant ABCUSD is vicariously and otherwise liable for the torts of their employees DOES 11 through 20, inclusive, who were acting within the scope of their employment when they intentionally or negligently failed to train, supervise, discipline, or terminate employees who facilitated, encouraged, ordered, consented to, or engage in the actions described herein. *See* Cal. Gov. Code § 815.2(a).

159.   S.C.'s injuries were the proximate and foreseeable result of the absence of safeguards DEFENDANTS had a duty to provide. Furthermore, S.C.'s injuries were the proximate and foreseeable as DEFENDANTS were aware of S.C.'s disability related behavior based on his education and juvenile court records.

160.   S.C. suffered severe emotional and physical distress including humiliation, pain and suffering.

161.   Plaintiff S.C. seeks general damages, nominal damages, as well as costs incurred in bringing this action.

---

**NINTH CAUSE OF ACTION**
**Violation of Mandatory Statutory Duties**
by Plaintiff S.C. against Defendants ABCUSD and DOES 11 through 20

162. Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 161, inclusive, as though set forth fully herein.

163. California Government Code §815.6 provides a private right of action where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, such that the public entity is liable for an injury of that kind proximately caused by failure to discharge the duty unless the public entity establishes that is exercised reasonable diligence to discharge that duty.

164. California Government Code §815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment if the act or omission of an employee or his personal representative.

165. California Government Code §815.4 provides that a public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to liability if it were a private person.

166. California Education Code §§56155, 56156.4, 56167, 56342, and 56343(d), McKinney-Vento Homeless Assistance Act, 42 U.S.C. §11431, *et seq.*, and Title 34 of the California Code of Regulations, §300.115(a), set forth the generally described legislative intent:

    a. To ensure that Plaintiff as a dependent child of the Juvenile Court be entitled to participate in age-appropriate schooling, extracurricular, enrichment, and social activities;

    b. To ensure that Plaintiff as a homeless child and youth be entitled to the same educational rights and protections as other children and youth; and

    c. To ensure that Plaintiff receives appropriate special education and related services, which includes placement in order to meet Plaintiff's needs.

167. At all times mentioned herein, Defendants ABCUSD and DOES, 11 through 20, inclusive, (collectively herein "DEFENDANTS") owed the following mandatory duties of care

to Plaintiff pursuant to the following statutes, among others:

    a.  Pursuant to California Government Code §815.6, DEFENDANTS owed mandatory duties impose by the enactment and regulations described below which were designed to protect Plaintiff against the risk of the particular injuries complained herein and said DEFENDANTS are therefore liable to Plaintiff for such injuries proximately suffered;

    b.  Pursuant to California Education Code §§56155, 56156.4, 56167, 56342, and 56343(d), DEFENDANTS were mandated to provide Plaintiff with appropriate special education services, which includes appropriate placement to meet the child's needs,

    c.  Pursuant to McKinney-Vento Homeless Assistance Act, 42 U.S.C. §11431, *et seq.*, DEFENDANTS were mandated to provide Plaintiff with equal access to the same free, appropriate public education as provided to other children and youth; and

    d.  Pursuant to Title 34 of the California Code of Regulations, §300.115(a), DEFENDANTS inclusive, were mandated to ensure that a continuum of alternative placements was available to meet Plaintiff's needs, and consider other placements.

168.  Plaintiff is informed, believes, and alleges that at all times herein DEFENDANTS violated the mandatory statutory duties imposed upon them by California Education Code §§56155, 56156.4, 56167, 56342, and 56343(d), McKinney-Vento Homeless Assistance Act, 42 U.S.C. §11431, *et seq.*, and Title 34 of the California Code of Regulations, §300.115(a), by the following:

    a.  Failing to provide Plaintiff his related aids, services, and placement to regulate his mental health and behavior;

    b.  Failing to place Plaintiff in an appropriate placement which met his special needs and was in the least restrictive setting possible;

    c.  Excluding him from same age peers for his disability related behavior; and

d.  Holding him for an extensive period at COLLEGE HOSPITAL and/or Juvenile Hall.

169.  DEFENDANTS breached each and every of their various mandatory duties of care owed to Plaintiff as generally alleged herein so as to proximately cause Plaintiff to suffer the injuries and damages as alleged herein.

170.  DEFENDANTS breaches of their mandatory duties of care owed to Plaintiff as described herein was the result of the DEFENDANTS' failure to exercise reasonable diligence in the discharge of its respective duties owed to Plaintiff as set forth herein.

171.  DEFENDANTS breaches of their mandatory duties of care owed to Plaintiff as set forth herein establishes a presumption of the DEFENDANTS' negligence pursuant to California Evidence Code §669.

172.  As the direct and proximate result of DEFENDANTS acts and/or omissions, S.C. (1) was physically injured and his condition was exacerbated, (2) suffered emotional distress, and humiliation, (3) was deprived of educational services, mental health services, behavioral supports, and placement, and (4) and experienced a permanent loss of developmental opportunity. Plaintiff has suffered general damages in an amount according to proof.

173.  As a further proximate result of the breach of mandatory duties alleged against DEFENDANTS, Plaintiff has incurred and will continue to incur medical, psychological and related expenses in an amount according to proof. As a further proximate result of DEFENDANTS' acts and/or omissions, Plaintiff has sustained a loss of earning capacity in an amount according to proof.


### TENTH CAUSE OF ACTION
**Unruh Civil Rights Act**
by Plaintiff S.C. against Defendants ABCUSD and DOES, 11 through 20
Cal. Civ. Code §§51, et seq.

174.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 175, inclusive, as though set forth fully herein.

175.  As defined for purposes of the Unruh Civil Rights Act, (the "Unruh Act") by Civil Code

1  §51(e)(1), and described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. has a disability

2  within the meaning of the Unruh Act.

3  176.  Defendant ABCUSD is a business establishment for the purposes of the Unruh Act.

4  177.  Defendant DOES 11 through 20, inclusive, are employees of the Defendant ABCUSD

5  and are sued in both their official and individual capacity.

6  178.  Pursuant to Civil Code §51(f), the ADA violation committed by Defendant ABCUSD

7  and DOES 11 through 20, inclusive, as alleged in Paragraphs 199 through 209, inclusive, also

8  constitutes a violation of the Unruh Act against all Defendants.

9  179.  Alternatively, by engaging in the actions described in Paragraphs 13 through 71,

10  inclusive, Defendants ABCUSD and DOES, 11 through 20, inclusive, engaged in discriminatory

11  conduct that denied, aided, or incited a denial of the rights of Plaintiff S.C. to enjoy the full and

12  equal access to his accommodations, goods, facilities, and services.

13  180.  As described in Paragraphs 13 through 71, inclusive, Defendants ABCUSD and DOES,

14  11 through 20, inclusive, actions were intentional, willful, and affirmatively discriminatory

15  towards Plaintiff's rights under the Unruh Act because Defendants' refusal to place Plaintiff was

16  deliberate, with the full knowledge that their failure to act resulted in his prolonged and

17  continued confinement in a psychiatric hospital and/or juvenile hall.

18  181.  As the direct and proximate result of Defendants ABCUSD and DOES, 11 through 20,

19  inclusive, failure to provide those aforementioned related aids, services and placement and

20  discriminatory actions, S.C. (1) was physically injured and his mental impairment was

21  exacerbated, (2) suffered emotional distress, and humiliation, (3) was deprived of educational

22  services, mental health services, behavioral supports, placement, and case management services

23  in the community, and (4) and experienced a permanent loss of developmental opportunity.

24  182.  Under Civil Code §52(a), Plaintiff S.C. is entitled to recover statutory damages, general

25  damages as well as treble damages according to proof.

26  //

27  //

28  //

## ELEVENTH CAUSE OF ACTION
**Violation of California Government Code §11135**
by Plaintiff S.C. against Defendants ABCUSD and DOES 11 through 20

183.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 182, inclusive, as though set forth fully herein.

184.  California Government Code §11135 states in relevant part that "[N]o person in the State of California shall on the basis of . . .  mental disability, physical disability, medical condition . . . be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives financial assistance from the state."

185.  At all times relevant to this action, Plaintiff was and is a qualified individual within the meaning of the California Government Code §11135.

186.  At all times relevant, Defendants ABCUSD and DOES, 11 through 20, inclusive, (collectively herein "DEFENDANTS") received financial assistance from the State of California within the meaning of Government Code §11135 *et seq.*

187.  California Government Code §11135(b) incorporated the protections and prohibitions contained in the Americans with Disabilities Act ("ADA") and it's implementations regulations.

188.  DEFENDANTS have violated California Government Code §11135 that the conduct alleged herein constitutes a violation of the ADA, Section 504 of the Rehabilitation Act, and the Unruh Civil Rights Act.

189.  DEFENDANTS have failed to provide Plaintiff with full and equal access to their facilities, programs, services and activities as required by California Government Code §11135 *et seq.*

190.  As a proximate result of DEFENDANTS' violation of California Government Code §11135, Plaintiff has been injured as set forth herein.

191.  Plaintiff seeks equitable relief, and general damages.

//

**TWELFTH CAUSE OF ACTION**
Violation of Civil Rights
by Plaintiff S.C. against Defendants ABCUSD and DOES 11 through 20
42 U.S.C. §1983

192.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 191, inclusive, as though set forth fully herein.

193.   Plaintiff is informed, believes, and alleges that in doing all of the things alleged, Defendant ABCUSD acted under color of law of statutes, regulations, ordinances, customs, usages of the ABCUSD and the State of California and in the performance of their official duties.

194.   At all times, Defendant ABCUSD had a duty to adequately train, direct, supervise, and control the actions of Defendant ABCUSD' employees, such as DOES 11 through 20, inclusive, to enforce those rules and regulations set forth necessary for the protection and promotion of Plaintiff best interests and the implementation of Plaintiff's case plan, and to enforce compliance with the Juvenile Court's orders in effect.

195.   At all times, Defendant DOES 11 through 20, inclusive, were acting within the scope of their employment and pursuant to the official policies, customs and practices of Defendant ABCUSD. These unlawful policies and practices were enforced by Defendant ABCUSD, and were the moving force, proximate cause, or affirmative link behind the conduct causing injury to Plaintiff.

196.   At all times, Defendant ABCUSD, who supervised the individuals who unlawfully violated Plaintiff's rights, developed, encouraged and tolerated the unlawful policies and practices described in the foregoing allegations. Defendant ABCUSD acted knowingly and with deliberate indifference to the Constitutional rights of citizens, of Plaintiff in particular, and maintained and permitted an official policy, custom and practice of permitting the occurrence of the types of wrongs set forth. These policies, customs, and practices, include, but are not limited to, knowingly permitting its agents and employees to act with deliberate indifference in the implementation of and in the failure to implement the various alleged laws, enactments, statutes, and regulations for its minor dependents such as Plaintiff.

197.   Defendants ABCUSD and DOES 11 through 20, inclusive, conduct as alleged threatened to deprive and did deprive Plaintiff of his rights, privileges, and immunities as secured to him by the Constitution of the United States, including Plaintiff's right to safety and freedom from harm, and the right not to be deprived of state or federally created liberty or property rights as guaranteed by the First, Fourth, Eighth, and Fourteenth Amendment to the United States Constitution.

198.   In addition to economic and non-economic damages, Defendants ABCUSD and DOES, 11 through 20, inclusive, violations of Plaintiff's civil rights as alleged entitles Plaintiff to compensatory damages, attorney fees and other remedies, all of which are provided for in 42 U.S.C. §1983, et seq.

### THIRTEENTH CAUSE OF ACTION
**Americans with Disabilities Act**
by Plaintiff S.C. against Defendant ABCUSD
42 U. S. C. §§ 12101, *et seq.*

199.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 198, inclusive, as though set forth fully herein.

200.   Defendant ABCUSD is a public entity within the meaning of Title II of the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. §12131(1).

201.   Under Title II of the ADA, "[N]no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. §12132.

202.   At all times pertinent to this Complaint, S.C.'s disabilities have substantially limited one or more of his major life activities, including (1) learning, (2) concentrating , (3) thinking, (4) communicating (5) interacting,  and (5) attending school. Accordingly, S.C.'s impairments constitute a "disability" as defined in 42 U. S. C. § 12102(1).

203.   By virtue of his disability as described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. is a qualified individual within the meaning of the ADA and regulations issued thereunder.

204.  Defendant ABCUSD knew or should have known S.C. was a person with a disability whose disabilities required mental health and behavioral health services as described in Paragraphs 13 through 17, inclusive, because Plaintiff had a record of his disabilities and Defendant regarded him as an individual with disabilities.

205.  Defendant ABCUSD knew or should have known that Plaintiff required related aids, services and placement in order to sustain any placement in the most integrated setting, and as such, obtain benefit from its programs, because it had a record of the need for these  supports from assessments found in Plaintiff's education and juvenile court records.

206.  Defendant ABCUSD discriminated against S.C., when it (1) failed to provide intensive mental health and behavioral services required to sustain a placement, (2) regularly excluded him from placements because of disability related behavior, (3) denied him access to the most integrated setting appropriate to his needs, and (4) confined him for an extensive period at COLLEGE HOSPITAL and/or juvenile hall, thereby segregating him from society and denying him the opportunity to benefit from its programs.

207.  Defendant ABCUSD committed the acts and omissions alleged herein with deliberate indifference to Plaintiff's rights because Defendant ABCUSD was on notice that S.C.'s required intensive mental health and behaviors services, and an appropriate placement, and that the lack of the aforementioned were resulting in significant disruption to his education and foster care and/or causing him to be held at a psychiatric hospital and/or juvenile hall placement.

208.  As the direct and proximate result of Defendant ABCUSD's failure to provide those aforementioned related aids, services and placement and discriminatory actions, S.C. (1) was physically injured and his mental impairment was exacerbated, (2) suffered emotional distress, and humiliation, (3) was deprived of educational services, mental health services, behavioral supports, placement, and case management services in the community, and (4) and experienced a permanent loss of developmental opportunity.

209.  Plaintiff S.C. seeks general damages, as well as reasonable attorneys' fees and costs incurred in bringing this action.

//

**FOURTEENTH CAUSE OF ACTION**
**Section 504 of The Rehabilitation Act**
by Plaintiff S.C. against Defendant ABCUSD
29 U. S. C. §§ 794, et seq.

210.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 209, inclusive, as though set forth fully herein.

211.   Under the Rehabilitation Act, a qualified individual with a disability shall not, solely by reason of their disability, be excluded from participation in or be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. *See* 29 U. S. C. § 794.

212.   Under the Rehabilitation Act, the phrase "program or activity" includes local educational agencies and other school systems. 29 U. S. C. § 794(b)(2)(B).

213.   Defendant ABCUSD was a recipient of federal funding within the meaning of Section 504 of the Rehabilitation Act ("The Rehabilitation Act"). *See* 29 U.S.C. § 794(b).

214.   At all times pertinent to this Complaint, S.C.'s disabilities have substantially limited one or more of his major life activities, including (1) learning, (2) concentrating , (3) thinking, (4) communicating (5) interacting,  and (5) attending school. Accordingly, S.C.'s impairments constitute a "disability" as defined in 34 C.F.R. §104.3(j).

215.   By virtue of his disability as described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. is a qualified individual within the meaning of The Rehabilitation Act and regulations issued thereunder.

216.   Defendant ABCUSD knew or should have known that Plaintiff required related aids, services and placement in order to sustain any placement in the most integrated setting, and as such, obtain benefit from its programs, because it had a record of the need for these  supports from assessments found in Plaintiff's education and juvenile court records.

217.   Defendant ABCUSD discriminated against S.C., when they (1) failed to provide intensive mental health and behavioral services required to sustain a placement, (2) regularly excluded him from placements because of disability related behavior, (3) denied him access to the most integrated setting appropriate to his needs, and (4) confined him for an extensive period at

1  COLLEGE HOSPITAL and/or Juvenile Hall, thereby segregating him from society and denying

2  him the opportunity to benefit from its programs.

3  218. Defendant ABCUSD violated 34 C.F.R. §104.33(a) & (b) and effectively excluded S.C.

4  from participation in, denied him the benefit of, and subjected him to discrimination under its

5  programs and activities. The foregoing exclusion, denial and discrimination were done solely by

6  reason of S.C.'s disability and therefore violated the Rehabilitation Act generally and 29 U.S.C.

7  §794(a) specifically.

8  219. Defendant ABCUSD committed the acts and omissions alleged herein with deliberate

9  indifference to Plaintiff's rights because Defendant ABCUSD were on notice that S.C.'s required

10  intensive mental health and behavioral services, and an appropriate placement, and that the lack

11  of the aforementioned were resulting in significant disruption to his education and foster care

12  and/or causing him to be held at a psychiatric hospital and/or juvenile hall placement.

13  220. Defendant ABCUSD's acts and omissions alleged herein violated 34 C.F.R.

14  §§104.4(b)(1)(i) and 104.33(a) and (d) and excluded S.C. from participation in, denied him the

15  benefit of, and subjected him to discrimination under their programs and activities. The

16  foregoing exclusion, denial and discrimination were done solely by reason of S.C.'s disability

17  and therefore violated the Rehabilitation Act generally and 29 U.S.C. ¶794(a) specifically.

18  221. As the direct and proximate result of Defendant ABCUSD's failure to provide those

19  aforementioned related aids, services and placement and discriminatory actions, S.C. (1) was

20  physically injured and his mental impairment was exacerbated, (2) suffered emotional distress,

21  and humiliation, (3) was deprived of educational services, mental health services, behavioral

22  supports, placement, and case management services in the community, and (4) and experienced a

23  permanent loss of developmental opportunity.

24  222. Plaintiff S.C. seeks general damages, as well as reasonable attorneys' fees and costs

25  incurred in bringing this action

26  //

27  //

28  //

1  ___Causes of Action as to Defendant LAUSD___

2

3  **FIFTEENTH CAUSE OF ACTION**
   **Negligence and Negligent Supervision**
4  by Plaintiff S.C. against Defendants LAUSD and DOES 21 through 30

5

6  223.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

7  through 222, inclusive, as though set forth fully herein.

8  224.  Defendant LAUSD and their employees DOES 21 through 30, inclusive, (collectively

9  herein "DEFENDANTS"), owed S.C. a duty to care for, protect, and oversee his placements and

10  foster care and mental health services.

11  225.  DEFENDANTS had a special relationship with Plaintiff, which imposes independent

12  affirmative duty of care owed by DEFENDANTS to Plaintiff.

13  226.  California Government Code §820(a) provides that a public employee is liable for injury

14  proximately caused by his/her own negligent or wrongful act or omission to the same extent as a

15  private person. At all times DOES 21 through 30 were acting within the course and scope of their

16  public employment by LAUSD.

17  227.  DEFENDANTS knew or should have known S.C. was a person with a disability whose

18  disabilities required mental health and behavioral health services as described in Paragraphs 13

19  through 17, inclusive, because Plaintiff had a record of his disabilities and DEFENDANTS

20  regarded him as an individual with disabilities.

21  228.  Given his disabilities, Plaintiff S.C. was particularly vulnerable, thus requiring

22  DEFENDANTS to exercise a higher degree of vigilance than would be necessary for an

23  individual with no disabilities.

24  229.  DEFENDANTS breached their aforementioned duties by failing to provide a safe and

25  secure placement with intensive mental health and behavioral services, resulting in his frequent

26  elopement and exposure to violence and harm, and by confining him in a psychiatric hospital

27  and/or juvenile hall to his detriment.

28  230.  Defendant LAUSD is vicariously and otherwise liable for the torts of their employees

1  DOES 21 through 30, inclusive, who were acting within the scope of their employment when

2  they intentionally or negligently failed to train, supervise, discipline, or terminate employees

3  who facilitated, encouraged, ordered, consented to, or engage in the actions described herein. *See*

4  Cal. Gov. Code § 815.2(a).

5  231.  S.C.'s injuries were the proximate and foreseeable result of the absence of safeguards

6  DEFENDANTS had a duty to provide. Furthermore, S.C.'s injuries were the proximate and

7  foreseeable as DEFENDANTS were aware of S.C.'s disability related behavior based on his

8  education and juvenile court records.

9  232.  S.C. suffered severe emotional and physical distress including humiliation, pain and

10  suffering.

11  233.  Plaintiff S.C. seeks general damages, nominal damages, as well as costs incurred in

12  bringing this action.

14  **SIXTEENTH CAUSE OF ACTION**
15  **Violation of Mandatory Statutory Duties**
   by Plaintiff S.C. against Defendants LAUSD and DOES 21 through 30

17  234.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

18  through 233, inclusive, as though set forth fully herein.

19  235.  California Government Code §815.6 provides a private right of action where a public

20  entity is under a mandatory duty imposed by an enactment that is designed to protect against the

21  risk of a particular kind of injury, such that the public entity is liable for an injury of that kind

22  proximately caused by failure to discharge the duty unless the public entity establishes that is

23  exercised reasonable diligence to discharge that duty.

24  236.  California Government Code §815.2 provides that a public entity is liable for injury

25  proximately caused by an act or omission of an employee of the public entity within the scope of

26  his or her employment if the act or omission of an employee or his personal representative.

27  237.  California Government Code §815.4 provides that a public entity is liable for injury

28  proximately caused by a tortious act or omission of an independent contractor of the public entity

1   to the same extent that the public entity would be subject to liability if it were a private person.

2   238.  California Government Code §7579.1, McKinney-Vento Homeless Assistance Act, 42

3   U.S.C. §11431, *et seq.*, and Title 34 of the California Code of Regulations, §300.115(a), set forth

4   the generally described legislative intent:

5     a. To ensure that Plaintiff as a dependent child of the Juvenile Court be entitled to

6      participate in age-appropriate schooling, extracurricular, enrichment, and social

7      activities;

8     b. To ensure that Plaintiff as a homeless child and youth be entitled to the same

9      educational rights and protections as other children and youth; and

10     c. To ensure that Plaintiff receives appropriate special education and related

11      services, which includes placement in order to meet Plaintiff's needs.

12   239.  At all times mentioned herein, Defendants LAUSD and DOES 21 through 30, inclusive,

13   (collectively herein "DEFENDANTS") owed the following mandatory duties of care to Plaintiff

14   pursuant to the following statutes, among others:

15     a. Pursuant to California Government Code §815.6, DEFENDANTS owed

16      mandatory duties impose by the enactment and regulations described below which

17      were designed to protect Plaintiff against the risk of the particular injuries

18      complained herein and said Defendants are therefore liable to Plaintiff for such

19      injuries proximately suffered;

20     b. Pursuant to California Government Code §7579.1, DEFENDANTS were

21      mandated to ensure that Plaintiff receives an appropriate educational placement

22      that commences without delay upon his discharge from a hospital, institution,

23      facility or foster family home;

24     c. Pursuant to McKinney-Vento Homeless Assistance Act, 42 U.S.C. §11431, *et*

25      *seq.*, DEFENDANTS were mandated to provide Plaintiff with equal access to the

26      same free, appropriate public education as provided to other children and youth;

27      and

28   //

d.  Pursuant to Title 34 of the California Code of Regulations, §300.115(a),
DEFENDANTS were mandated to ensure that a continuum of alternative
placements was available to meet Plaintiff's needs, and consider other
placements.

240.  Plaintiff is informed, believes, and alleges that at all times herein DEFENDANTS
violated the mandatory statutory duties imposed upon them by California Government Code
§7579.1, McKinney-Vento Homeless Assistance Act, 42 U.S.C. §11431, *et seq.*, and Title 34 of
the California Code of Regulations, §300.115(a), by the following:

a.  Failing to provide Plaintiff his related aids, services, and placement to regulate his
mental health and behavior;

b.  Failing to place Plaintiff in an appropriate placement which met his special needs
and was in the least restrictive setting possible;

c.  Excluding him from same age peers for his disability related behavior; and

d.  Holding him for an extensive period at COLLEGE HOSPITAL and/or Juvenile
Hall.

241.  DEFENDANTS breached each and every of their various mandatory duties of care owed
to Plaintiff as generally alleged herein so as to proximately cause Plaintiff to suffer the injuries
and damages as alleged herein.

242.  DEFENDANTS breaches of their mandatory duties of care owed to Plaintiff as described
herein was the result of the Defendants' failure to exercise reasonable diligence in the discharge
of its respective duties owed to Plaintiff as set forth herein.

243.  DEFENDANTS breaches of their mandatory duties of care owed to Plaintiff as set forth
herein establishes a presumption of the DEFENDANTS' negligence pursuant to California
Evidence Code §669.

244.  As the direct and proximate result of DEFENDANTS' acts and/or omissions, S.C. (1)
was physically injured and his condition was exacerbated, (2) suffered emotional distress, and
humiliation, (3) was deprived of educational services, mental health services, behavioral
supports, and placement, and (4) and experienced a permanent loss of developmental

1  opportunity. Plaintiff has suffered general damages in an amount according to proof.

2  245.  As a further proximate result of the breach of mandatory duties alleged against

3  DEFENDANTS, Plaintiff has incurred and will continue to incur medical, psychological and

4  related expenses in an amount according to proof. As a further proximate result of

5  DEFENDANTS' acts and/or omissions, Plaintiff has sustained a loss of earning capacity in an

6  amount according to proof.

7

8  **SEVENTEENTH CAUSE OF ACTION**
**Unruh Civil Rights Act**
by Plaintiff S.C. against Defendants LAUSD and DOES 21 through 30
Cal. Civ. Code §§51, et seq.

9

10

11  246.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

12  through 245, inclusive, as though set forth fully herein.

13  247.  As defined for purposes of the Unruh Civil Rights Act, (the "Unruh Act") by Civil Code

14  §51(e)(1), and described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. has a disability

15  within the meaning of the Unruh Act.

16  248.  Defendant LAUSD is a business establishment for the purposes of the Unruh Act.

17  249.  Defendant DOES 21 through 30, inclusive, are employees of the Defendant LAUSD and

18  are sued in both their official and individual capacity.

19  250.  Pursuant to Civil Code §51(f), the ADA violation committed by Defendants LAUSD and

20  DOES 21 through 30, inclusive, as alleged in Paragraphs 271 through 281, inclusive, also

21  constitutes a violation of the Unruh Act against all Defendants.

22  251.  Alternatively, by engaging in the actions described in Paragraphs 13 through 71,

23  inclusive, Defendants LAUSD and DOES 21 through 30, inclusive, engaged in discriminatory

24  conduct that denied, aided, or incited a denial of the rights of Plaintiff S.C. to enjoy the full and

25  equal access to his accommodations, goods, facilities, and services.

26  252.  As described in Paragraphs 13 through 71, inclusive, Defendants LAUSD and DOES 21

27  through 30, inclusive, actions were intentional, willful, and affirmatively discriminatory towards

28  Plaintiff's rights under the Unruh Act because Defendants' refusal to place Plaintiff was

1  deliberate, with the full knowledge that their failure to act resulted in his prolonged and

2  continued confinement in a psychiatric hospital and/or juvenile hall.

3    253.  As the direct and proximate result of Defendants LAUSD and DOES 21 through 30,

4  inclusive, failure to provide those aforementioned related aids, services and placement and

5  discriminatory actions, S.C. (1) was physically injured and his mental impairment was

6  exacerbated, (2) suffered emotional distress, and humiliation, (3) was deprived of educational

7  services, mental health services, behavioral supports, placement, and case management services

8  in the community, and (4) and experienced a permanent loss of developmental opportunity.

9    254.  Under Civil Code §52(a), Plaintiff S.C. is entitled to recover statutory damages, general

10  damages as well as treble damages according to proof.

11

12                    **EIGHTEENTH CAUSE OF ACTION**
                   **Violation of California Government Code §11135**
13            by Plaintiff S.C. against Defendants LAUSD and DOES 21 through 30

14

15    255.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

16  through 254, inclusive, as though set forth fully herein.

17    256.  California Government Code §11135 states in relevant part that "[N]o person in the State

18  of California shall on the basis of . . . mental disability, physical disability, medical condition . .

19  . be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to

20  discrimination under, any program or activity that is conducted, operated, or administered by the

21  state or by any state agency, is funded directly by the state, or receives financial assistance from

22  the state."

23    257.  At all times relevant to this action, Plaintiff was and is a qualified individual within the

24  meaning of the California Government Code §11135.

25    258.  At all times relevant, Defendants LAUSD and DOES 21 through 30, inclusive,

26  (collectively herein "DEFENDANTS") received financial assistance from the State of California

27  within the meaning of Government Code §11135 *et seq.*

28    259.  California Government Code §11135(b) incorporated the protections and prohibitions

1   contained in the Americans with Disabilities Act ("ADA") and it's implementations regulations.

2   260.  DEFENDANTS have violated California Government Code §11135 that the conduct

3   alleged herein constitutes a violation of the ADA, Section 504 of the Rehabilitation Act, and the

4   Unruh Civil Rights Act.

5   261.  DEFENDANTS have failed to provide Plaintiff with full and equal access to their

6   facilities, programs, services and activities as required by California Government Code §11135

7   *et seq.*

8   262.  As a proximate result of DEFENDANTS' violation of California Government Code

9   §11135, Plaintiff has been injured as set forth herein.

10   263.  Plaintiff seeks equitable relief, and general damages.

11

12   **NINETEENTH CAUSE OF ACTION**

**Violation of Civil Rights**

13   by Plaintiff S.C. against Defendants LAUSD and DOES 21 through 30

42 U.S.C. §1983

14

15   264.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

16   through 263, inclusive, as though set forth fully herein.

17   265.  Plaintiff is informed, believes, and alleges that in doing all of the things alleged,

18   Defendant LAUSD acted under color of law of statutes, regulations, ordinances, customs, usages

19   of the LAUSD and the State of California and in the performance of their official duties.

20   266.  At all times, Defendant LAUSD had a duty to adequately train, direct, supervise, and

21   control the actions of Defendant LAUSD' employees, such as DOES 21 through 30, inclusive, to

22   enforce those rules and regulations set forth necessary for the protection and promotion of

23   Plaintiff best interests and the implementation of Plaintiff's case plan, and to enforce compliance

24   with the Juvenile Court's orders in effect.

25   267.  At all times, Defendant DOES 21 through 30, inclusive, were acting within the scope of

26   their employment and pursuant to the official policies, customs and practices of Defendant

27   ABCUSD. These unlawful policies and practices were enforced by Defendant LAUSD, and were

28   the moving force, proximate cause, or affirmative link behind the conduct causing injury to

1   Plaintiff.

2   268.   At all times, Defendant LAUSD, who supervised the individuals who unlawfully violated

3   Plaintiff's rights, developed, encouraged and tolerated the unlawful policies and practices

4   described in the foregoing allegations. Defendant LAUSD acted knowingly and with deliberate

5   indifference to the Constitutional rights of citizens, of Plaintiff in particular, and maintained and

6   permitted an official policy, custom and practice of permitting the occurrence of the types of

7   wrongs set forth. These policies, customs, and practices, include, but are not limited to,

8   knowingly permitting its agents and employees to act with deliberate indifference in the

9   implementation of and in the failure to implement the various alleged laws, enactments, statutes,

10   and regulations for its minor dependents such as Plaintiff.

11   269.   Defendants LAUSD and DOES 21 through 30, inclusive, conduct as alleged threatened to

12   deprive and did deprive Plaintiff of his rights, privileges, and immunities as secured to him by

13   the Constitution of the United States, including Plaintiff's right to safety and freedom from harm,

14   and the right not to be deprived of state or federally created liberty or property rights as

15   guaranteed by the First, Fourth, Eighth, and Fourteenth Amendment to the United States

16   Constitution.

17   270.   In addition to economic and non-economic damages, Defendants LAUSD and DOES 21

18   through 30, inclusive, violations of Plaintiff's civil rights as alleged entitles Plaintiff to

19   compensatory damages, attorney fees and other remedies, all of which are provided for in 42

20   U.S.C. §1983, et seq.

21

22   **TWENTIETH CAUSE OF ACTION**
    **Americans with Disabilities Act**
23   by Plaintiff S.C. against Defendant LAUSD
    42 U. S. C. §§ 12101, *et seq.*
24

25   271.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

26   through 270, inclusive, as though set forth fully herein.

27   272.   Defendant LAUSD is a public entity within the meaning of Title II of the Americans with

28   Disabilities Act ("ADA"). *See* 42 U.S.C. §12131(1).

---

43
COMPLAINT FOR MONETARY DAMAGES

273.   Under Title II of the ADA, "[N]no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. §12132.

274.   At all times pertinent to this Complaint, S.C.'s disabilities have substantially limited one or more of his major life activities, including (1) learning, (2) concentrating , (3) thinking, (4) communicating (5) interacting,  and (5) attending school. Accordingly, S.C.'s impairments constitute a "disability" as defined in 42 U. S. C. § 12102(1).

275.   By virtue of his disability as described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. is a qualified individual within the meaning of the ADA and regulations issued thereunder.

276.   Defendant LAUSD knew or should have known S.C. was a person with a disability whose disabilities required mental health and behavioral health services as described in Paragraphs 13 through 17, inclusive, because Plaintiff had a record of his disabilities and DEFENDANTS regarded him as an individual with disabilities.

277.   Defendant LAUSD knew or should have known that Plaintiff required related aids, services and placement in order to sustain any placement in the most integrated setting, and as such, obtain benefit from its programs, because it had a record of the need for these  supports from assessments found in Plaintiff's education and juvenile court records.

278.   Defendant LAUSD discriminated against S.C., when it (1) failed to provide intensive mental health and behavioral services required to sustain a placement, (2) regularly excluded him from placements because of disability related behavior, (3) denied him access to the most integrated setting appropriate to his needs, and (4) confined him for an extensive period at COLLEGE HOSPITAL and/or juvenile hall, thereby segregating him from society and denying him the opportunity to benefit from its programs.

279.   Defendant LAUSD committed the acts and omissions alleged herein with deliberate indifference to Plaintiff's rights because Defendant LAUSD was on notice that S.C.'s required intensive mental health and behaviors services, and an appropriate placement, and that the lack of the aforementioned were resulting in significant disruption to his education and foster care

1   and/or causing him to be held at a psychiatric hospital and/or juvenile hall placement.

2      280.   As the direct and proximate result of Defendant LAUSD's failure to provide those

3   aforementioned related aids, services and placement and discriminatory actions, S.C. (1) was

4   physically injured and his mental impairment was exacerbated, (2) suffered emotional distress,

5   and humiliation, (3) was deprived of educational services, mental health services, behavioral

6   supports, placement, and case management services in the community, and (4) and experienced a

7   permanent loss of developmental opportunity.

8      281.   Plaintiff S.C. seeks general damages, as well as reasonable attorneys' fees and costs

9   incurred in bringing this action.

10

11                      **TWENTY-FIRST CAUSE OF ACTION**
                         **Section 504 of The Rehabilitation Act**
12                       by Plaintiff S.C. against Defendant LAUSD
                              29 U. S. C. §§ 794, et seq.
13

14      282.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

15   through 281, inclusive, as though set forth fully herein.

16      283.   Under the Rehabilitation Act, a qualified individual with a disability shall not, solely by

17   reason of their disability, be excluded from participation in or be denied the benefits of, or be

18   subjected to discrimination under any program or activity receiving federal financial assistance.

19   *See* 29 U. S. C. § 794.

20      284.   Under the Rehabilitation Act, the phrase "program or activity" includes local educational

21   agencies and other school systems. 29 U. S. C. § 794(b)(2)(B).

22      285.   Defendant LAUSD was a recipient of federal funding within the meaning of Section 504

23   of the Rehabilitation Act ("The Rehabilitation Act"). *See* 29 U.S.C. § 794(b).

24      286.   At all times pertinent to this Complaint, S.C.'s disabilities have substantially limited one

25   or more of his major life activities, including (1) learning, (2) concentrating , (3) thinking, (4)

26   communicating (5) interacting,  and (5) attending school. Accordingly, S.C.'s impairments

27   constitute a "disability" as defined in 34 C.F.R. §104.3(j).

28      287.   By virtue of his disability as described in Paragraphs 13 through 17, inclusive, Plaintiff

1   S.C. is a qualified individual within the meaning of The Rehabilitation Act and regulations

2   issued thereunder.

3       288.   Defendant LAUSD knew or should have known that Plaintiff required related aids,

4   services and placement in order to sustain any placement in the most integrated setting, and as

5   such, obtain benefit from its programs, because it had a record of the need for these  supports

6   from assessments found in Plaintiff's education and juvenile court records.

7       289.   Defendant LAUSD discriminated against S.C., when they (1) failed to provide intensive

8   mental health and behavioral services required to sustain a placement, (2) regularly excluded him

9   from placements because of disability related behavior, (3) denied him access to the most

10   integrated setting appropriate to his needs, and (4) confined him for an extensive period at

11   COLLEGE HOSPITAL and/or Juvenile Hall, thereby segregating him from society and denying

12   him the opportunity to benefit from its programs.

13       290.   Defendant LAUSD violated 34 C.F.R. §104.33(a) & (b) and effectively excluded S.C.

14   from participation in, denied him the benefit of, and subjected him to discrimination under its

15   programs and activities. The foregoing exclusion, denial and discrimination were done solely by

16   reason of S.C.'s disability and therefore violated the Rehabilitation Act generally and 29 U.S.C.

17   §794(a) specifically.

18       291.   Defendant LAUSD committed the acts and omissions alleged herein with deliberate

19   indifference to Plaintiff's rights because Defendant LAUSD were on notice that S.C.'s required

20   intensive mental health and behavioral services, and an appropriate placement, and that the lack

21   of the aforementioned were resulting in significant disruption to his education and foster care

22   and/or causing him to be held at a psychiatric hospital and/or juvenile hall placement.

23       292.   Defendant LAUSD's acts and omissions alleged herein violated 34 C.F.R.

24   §§104.4(b)(1)(i) and 104.33(a) and (d) and excluded S.C. from participation in, denied him the

25   benefit of, and subjected him to discrimination under their programs and activities. The

26   foregoing exclusion, denial and discrimination were done solely by reason of S.C.'s disability

27   and therefore violated the Rehabilitation Act generally and 29 U.S.C. ¶794(a) specifically.

28       293.   As the direct and proximate result of Defendant LAUSD's failure to provide those

1   aforementioned related aids, services and placement and discriminatory actions, S.C. (1) was

2   physically injured and his mental impairment was exacerbated, (2) suffered emotional distress,

3   and humiliation, (3) was deprived of educational services, mental health services, behavioral

4   supports, placement, and case management services in the community, and (4) and experienced a

5   permanent loss of developmental opportunity.

6   294.  Plaintiff S.C. seeks general damages, as well as reasonable attorneys' fees and costs

7   incurred in bringing this action

8

9   *__Causes of Action as to Defendant COLLEGE HOSPITAL__*

10

11   **TWENTY-SECOND CAUSE OF ACTION**
**Negligence and Negligent Supervision**
12   by Plaintiff S.C. against Defendants COLLEGE HOSPITAL and DOES 31 through 40

13

14   295.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

15   through 294, inclusive, as though set forth fully herein.

16   296.  Defendant COLLEGE HOSPITAL and their employees DOES 31 through 40, inclusive,

17   (collectively herein "DEFENDANTS"), owed S.C. a duty to care for, protect, and oversee his

18   placements and foster care and mental health services.

19   297.  DEFENDANTS had a special relationship with Plaintiff, which imposes independent

20   affirmative duty of care owed by DEFENDANTS to Plaintiff.

21   298.  California Government Code §820(a) provides that a public employee is liable for injury

22   proximately caused by his/her own negligent or wrongful act or omission to the same extent as a

23   private person. At all times DOES 31 through 40, inclusive, were acting within the course and

24   scope of their public employment by COLLEGE HOSPITAL.

25   299.  DEFENDANTS knew or should have known S.C. was a person with a disability whose

26   disabilities required mental health and behavioral health services as described in Paragraphs 13

27   through 17, inclusive, because Plaintiff had a record of his disabilities and DEFENDANTS

28   regarded him as an individual with disabilities.

1   300.  Given his disabilities, Plaintiff S.C. was particularly vulnerable, thus requiring

2   DEFENDANTS to exercise a higher degree of vigilance than would be necessary for an

3   individual with no disabilities.

4   301.  DEFENDANTS breached their aforementioned duties by failing to provide a safe and

5   secure placement with intensive mental health and behavioral services, resulting in his frequent

6   elopement and exposure to violence and harm, and by confining him in a psychiatric hospital

7   and/or juvenile hall to his detriment.

8   302.  Defendant COLLEGE HOSPITAL is vicariously and otherwise liable for the torts of

9   their employees DOES 31 through 40, inclusive, who were acting within the scope of their

10   employment when they intentionally or negligently failed to train, supervise, discipline, or

11   terminate employees who facilitated, encouraged, ordered, consented to, or engage in the actions

12   described herein. *See* Cal. Gov. Code § 815.2(a).

13   303.  S.C.'s injuries were the proximate and foreseeable result of the absence of safeguards

14   DEFENDANTS had a duty to provide. Furthermore, S.C.'s injuries were the proximate and

15   foreseeable as DEFENDANTS were aware of S.C.'s disability related behavior based on his

16   education and juvenile court records.

17   304.  S.C. suffered severe emotional and physical distress including humiliation, pain and

18   suffering.

19   305.  Plaintiff S.C. seeks general damages, nominal damages, as well as costs incurred in

20   bringing this action.

21

22               **TWENTY-THIRD CAUSE OF ACTION**

23   **Violation of Mandatory Statutory Duties**
     by Plaintiff S.C. against Defendants COLLEGE HOSPITAL and DOES 31 through 40

24

25   306.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

26   through 306, inclusive, as though set forth fully herein.

27   307.  California Government Code §815.6 provides a private right of action where a public

28   entity is under a mandatory duty imposed by an enactment that is designed to protect against the

1  risk of a particular kind of injury, such that the public entity is liable for an injury of that kind

2  proximately caused by failure to discharge the duty unless the public entity establishes that is

3  exercised reasonable diligence to discharge that duty.

4     308.   California Government Code §815.2 provides that a public entity is liable for injury

5  proximately caused by an act or omission of an employee of the public entity within the scope of

6  his or her employment if the act or omission of an employee or his personal representative.

7     309.   California Government Code §815.4 provides that a public entity is liable for injury

8  proximately caused by a tortious act or omission of an independent contractor of the public entity

9  to the same extent that the public entity would be subject to liability if it were a private person.

10     310.   California Government Code §7579.1, set forth the generally described legislative intent,

11  that the operator of a hospital or medical facility, or the agency that placed a child in a licensed

12  children's institution or foster family home, shall, at least 10 days prior to the discharge of a

13  disabled youth, notify in writing the local educational agency in which the special education

14  program for the child is being provided, and the receiving special education local plan area

15  where the child is being transferred, of the impending discharge.

16     311.   At all times mentioned herein, Defendants COLLEGE HOSPITAL and DOES 31 through

17  40, inclusive, (collectively herein "DEFENDANTS") owed the following mandatory duties of

18  care to Plaintiff pursuant to the following statutes, among others:

19        a.   Pursuant to California Government Code §815.6, DEFENDANTS owed

20          mandatory duties impose by the enactment and regulations described below which

21          were designed to protect Plaintiff against the risk of the particular injuries

22          complained herein and said Defendants are therefore liable to Plaintiff for such

23          injuries proximately suffered; and

24        b.   Pursuant to California Government Code §7579.1, DEFENDANTS were

25          mandated to inform in writing specific local educational agencies of Plaintiff's

26          discharge to ensure that Plaintiff receives an appropriate educational placement

27          that commences without delay upon his discharge from a hospital, institution,

28          facility or foster family home.

312.  Plaintiff is informed, believes, and alleges that at all times herein DEFENDANTS violated the mandatory statutory duties imposed upon them by California Government Code §7579.1 by the following:

    a.   Failing to inform in writing the local educational agency in which the Plaintiff's special education program was being provided, and the receiving special education local plan area where Plaintiff was being transferred, of his impending discharge; and

    b.   Failing to provide in writing Plaintiff's receiving special education local plan area with a copy of his individualized education plan, the identity of the individual responsible for representing Plaintiff's interests for educational and related services for his impending placement, and other relevant information to meet Plaintiff's needs.

313.  DEFENDANTS breached each and every of their various mandatory duties of care owed to Plaintiff as generally alleged herein so as to proximately cause Plaintiff to suffer the injuries and damages as alleged herein.

314.  DEFENDANTS' breaches of their mandatory duties of care owed to Plaintiff as described herein was the result of the Defendants' failure to exercise reasonable diligence in the discharge of its respective duties owed to Plaintiff as set forth herein.

315.  DEFENDANTS' breaches of their mandatory duties of care owed to Plaintiff as set forth herein establishes a presumption of the DEFENDANTS' negligence pursuant to California Evidence Code §669.

316.  As the direct and proximate result of DEFENDANTS' acts and/or omissions, S.C. (1) was physically injured and his condition was exacerbated, (2) suffered emotional distress, and humiliation, (3) was deprived of educational services, mental health services, behavioral supports, and placement, and (4) and experienced a permanent loss of developmental opportunity. Plaintiff has suffered general damages in an amount according to proof.

317.  As a further proximate result of the breach of mandatory duties alleged against DEFENDANTS, Plaintiff has incurred and will continue to incur medical, psychological and

1  related expenses in an amount according to proof. As a further proximate result of

2  DEFENDANTS' acts and/or omissions, Plaintiff has sustained a loss of earning capacity in an

3  amount according to proof.

4

5  **TWENTY-FOURTH CAUSE OF ACTION**

6  **Unruh Civil Rights Act**
   by Plaintiff S.C. against Defendants COLLEGE HOSPITAL and DOES 31 through 40

7  Cal. Civ. Code §§51, et seq.

8  318.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

9  through 317, inclusive, as though set forth fully herein.

10  319.  As defined for purposes of the Unruh Civil Rights Act, (the "Unruh Act") by Civil Code

11  §51(e)(1), and described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. has a disability

12  within the meaning of the Unruh Act.

13  320.  Defendant COLLEGE HOSPITAL is a business establishment for the purposes of the

14  Unruh Act.

15  321.  Defendant DOES 31 through 40, inclusive, are employees of the Defendant COLLEGE

16  HOSPITAL and are sued in both their official and individual capacity.

17  322.  Pursuant to Civil Code §51(f), the ADA violation committed by Defendants COLLEGE

18  HOSPITAL and DOES 31 through 40, inclusive, as alleged in Paragraphs 343 through 355,

19  inclusive, also constitutes a violation of the Unruh Act against all Defendants.

20  323.  Alternatively, by engaging in the actions described in Paragraphs 13 through 71,

21  inclusive, Defendants COLLEGE HOSPITAL and DOES 31 through 40, inclusive, engaged in

22  discriminatory conduct that denied, aided, or incited a denial of the rights of Plaintiff S.C. to

23  enjoy the full and equal access to his accommodations, goods, facilities, and services.

24  324.  As described in Paragraphs 13 through 71, inclusive, Defendants COLLEGE HOSPITAL

25  and DOES 31 through 40, inclusive, actions were intentional, willful, and affirmatively

26  discriminatory towards Plaintiff's rights under the Unruh Act because Defendants' refusal to

27  place Plaintiff was deliberate, with the full knowledge that their failure to act resulted in his

28  prolonged and continued confinement in a psychiatric hospital and/or juvenile hall.

325.   As the direct and proximate result of Defendants COLLEGE HOSPITAL and DOES 31 through 40, inclusive, failure to provide those aforementioned related aids, services and placement and discriminatory actions, S.C. (1) was physically injured and his mental impairment was exacerbated, (2) suffered emotional distress, and humiliation, (3) was deprived of educational services, mental health services, behavioral supports, placement, and case management services in the community, and (4) and experienced a permanent loss of developmental opportunity.

326.   Under Civil Code §52(a), Plaintiff S.C. is entitled to recover statutory damages, general damages as well as treble damages according to proof.

## TWENTY-FIFTH CAUSE OF ACTION
### Violation of California Government Code §11135
by Plaintiff S.C. against Defendants COLLEGE HOSPITAL and DOES 31 through 40

327.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 326, inclusive, as though set forth fully herein.

328.   California Government Code §11135 states in relevant part that "[N]o person in the State of California shall on the basis of . . . mental disability, physical disability, medical condition . . . be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives financial assistance from the state."

329.   At all times relevant to this action, Plaintiff was and is a qualified individual within the meaning of the California Government Code §11135.

330.   At all times relevant, Defendants COLLEGE HOSPITAL and DOES 31 through 40, inclusive, (collectively herein "DEFENDANTS") received financial assistance from the State of California within the meaning of Government Code §11135 *et seq.*

331.   California Government Code §11135(b) incorporated the protections and prohibitions contained in the Americans with Disabilities Act ("ADA") and it's implementations regulations.

1   332.  DEFENDANTS have violated California Government Code §11135 that the conduct

2   alleged herein constitutes a violation of the ADA, Section 504 of the Rehabilitation Act, and the

3   Unruh Civil Rights Act.

4   333.  DEFENDANTS have failed to provide Plaintiff with full and equal access to their

5   facilities, programs, services and activities as required by California Government Code §11135

6   *et seq.*

7   334.  As a proximate result of DEFENDANTS' violation of California Government Code

8   §11135, Plaintiff has been injured as set forth herein.

9   335.  Plaintiff seeks equitable relief, and general damages.

10

11   **TWENTY-SIXTH CAUSE OF ACTION**
    **Violation of Civil Rights**
12   by Plaintiff S.C. against Defendants COLLEGE HOSPITAL and DOES 31 through 40
13   42 U.S.C. §1983

14   336.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

15   through 335, inclusive, as though set forth fully herein.

16   337.  Plaintiff is informed, believes, and alleges that in doing all of the things alleged,

17   Defendant COLLEGE HOSPITAL acted under color of law of statutes, regulations, ordinances,

18   customs, usages of the COLLEGE HOSPITAL and the State of California and in the

19   performance of their official duties.

20   338.  At all times, Defendant COLLEGE HOSPITAL had a duty to adequately train, direct,

21   supervise, and control the actions of Defendant COLLEGE HOSPITAL' employees, such as

22   DOES 31 through 40, inclusive, to enforce those rules and regulations set forth necessary for the

23   protection and promotion of Plaintiff best interests and the implementation of Plaintiff's case

24   plan, and to enforce compliance with the Juvenile Court's orders in effect.

25   339.  At all times, Defendant DOES 31 through 40, inclusive, were acting within the scope of

26   their employment and pursuant to the official policies, customs and practices of Defendant

27   COLLEGE HOSPITAL. These unlawful policies and practices were enforced by Defendant

28   COLLEGE HOSPITAL, and were the moving force, proximate cause, or affirmative link behind

1  the conduct causing injury to Plaintiff.

2  340. At all times, Defendant COLLEGE HOSPITAL, who supervised the individuals who

3  unlawfully violated Plaintiff's rights, developed, encouraged and tolerated the unlawful policies

4  and practices described in the foregoing allegations. Defendant COLLEGE HOSPITAL acted

5  knowingly and with deliberate indifference to the Constitutional rights of citizens, of Plaintiff in

6  particular, and maintained and permitted an official policy, custom and practice of permitting the

7  occurrence of the types of wrongs set forth. These policies, customs, and practices, include, but

8  are not limited to, knowingly permitting its agents and employees to act with deliberate

9  indifference in the implementation of and in the failure to implement the various alleged laws,

10  enactments, statutes, and regulations for its minor dependents such as Plaintiff.

11  341. Defendants COLLEGE HOSPITAL and DOES 31 through 40, inclusive, conduct as

12  alleged threatened to deprive and did deprive Plaintiff of his rights, privileges, and immunities as

13  secured to him by the Constitution of the United States, including Plaintiff's right to safety and

14  freedom from harm, and the right not to be deprived of state or federally created liberty or

15  property rights as guaranteed by the First, Fourth, Eighth, and Fourteenth Amendment to the

16  United States Constitution.

17  342. In addition to economic and non-economic damages, Defendants COLLEGE HOSPITAL

18  and DOES 31 through 40, inclusive, violations of Plaintiff's civil rights as alleged entitles

19  Plaintiff to compensatory damages, attorney fees and other remedies, all of which are provided

20  for in 42 U.S.C. §1983, et seq.

21

22            **TWENTY-SEVENTH CAUSE OF ACTION**
23            **Americans with Disabilities Act**
        by Plaintiff S.C. against Defendant COLLEGE HOSPITAL
24            42 U. S. C. §§ 12101, *et seq.*
            42 U.S.C. §§12181, *et seq.*
25

26  343. Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

27  through 342, inclusive, as though set forth fully herein.

28  344. Defendant COLLEGE HOSPITAL is a public entity within the meaning of Title II of the

1   Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. §12131(1).

2   345.   Under Title II of the ADA, "[N]no qualified individual with a disability shall, by reason

3   of such disability, be excluded from participation in or be denied the benefits of services,

4   programs, or activities of a public entity, or be subjected to discrimination by any such entity."

5   *See* 42 U.S.C. §12132.

6   346.   Alternatively to Paragraphs 344 through 345, inclusive, Defendant COLLEGE

7   HOSPITAL is a private entity that operates a place of public accommodations within the

8   meaning of Title III of the ADA. *See* 42 U.S.C. §12181(6)(7).

9   347.   Under Title III of the ADA, "[N]o individual shall be discriminated against on the basis

10   of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

11   advantages, or accommodations of any place of public accommodation by any person who owns,

12   leases, or operates a place of public accommodation." *See* 42 U.S.C. §12182(a).

13   348.   At all times pertinent to this Complaint, S.C.'s disabilities have substantially limited one

14   or more of his major life activities, including (1) learning, (2) concentrating , (3) thinking, (4)

15   communicating (5) interacting,  and (5) attending school. Accordingly, S.C.'s impairments

16   constitute a "disability" as defined in 42 U. S. C. § 12102(1).

17   349.   By virtue of his disability as described in Paragraphs 13 through 17, inclusive, Plaintiff

18   S.C. is a qualified individual within the meaning of the ADA and regulations issued thereunder.

19   350.   Defendant COLLEGE HOSPITAL knew or should have known S.C. was a person with a

20   disability whose disabilities required mental health and behavioral health services as described in

21   Paragraphs 13 through 17, inclusive, because Plaintiff had a record of his disabilities and

22   Defendant regarded him as an individual with disabilities.

23   351.   Defendant COLLEGE HOSPITAL knew or should have known that Plaintiff required

24   related aids, services and placement in order to sustain any placement in the most integrated

25   setting, and as such, obtain benefit from its programs, because it had a record of the need for

26   these  supports from assessments found in Plaintiff's education and juvenile court records.

27   352.   Defendant COLLEGE HOSPITAL discriminated against S.C., when it (1) failed to

28   provide intensive  mental health and behavioral services required to sustain a placement, (2)

regularly excluded him from placements because of disability related behavior, (3) denied him access to the most integrated setting appropriate to his needs, and (4) confined him for an extensive period at COLLEGE HOSPITAL and/or juvenile hall, thereby segregating him from society and denying him the opportunity to benefit from its programs.

353.   Defendant COLLEGE HOSPITAL committed the acts and omissions alleged herein with deliberate indifference to Plaintiff's rights because Defendant LAUSD was on notice that S.C.'s required intensive mental health and behaviors services, and an appropriate placement, and that the lack of the aforementioned were resulting in significant disruption to his education and foster care and/or causing him to be held at a psychiatric hospital and/or juvenile hall placement.

354.   As the direct and proximate result of Defendant COLLEGE HOSPITAL's failure to provide those aforementioned related aids, services and placement and discriminatory actions, S.C. (1) was physically injured and his mental impairment was exacerbated, (2) suffered emotional distress, and humiliation, (3) was deprived of educational services, mental health services, behavioral supports, placement, and case management services in the community, and (4) and experienced a permanent loss of developmental opportunity.

355.   Plaintiff S.C. seeks general damages, as well as reasonable attorneys' fees and costs incurred in bringing this action.

## TWENTY-EIGHTH CAUSE OF ACTION
### Section 504 of The Rehabilitation Act
by Plaintiff S.C. against Defendant COLLEGE HOSPITAL
29 U. S. C. §§ 794, et seq.

356.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 355, inclusive, as though set forth fully herein.

357.   Under the Rehabilitation Act, a qualified individual with a disability shall not, solely by reason of their disability, be excluded from participation in or be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. *See* 29 U. S. C. § 794.

358.   Under the Rehabilitation Act, the phrase "program or activity" includes local educational

1   agencies and other school systems. 29 U. S. C. § 794(b)(2)(B).

2   359.  Defendant COLLEGE HOSPITAL was a recipient of federal funding within the meaning

3   of Section 504 of the Rehabilitation Act ("The Rehabilitation Act"). *See* 29 U.S.C. § 794(b).

4   360.  At all times pertinent to this Complaint, S.C.'s disabilities have substantially limited one

5   or more of his major life activities, including (1) learning, (2) concentrating , (3) thinking, (4)

6   communicating (5) interacting,  and (5) attending school. Accordingly, S.C.'s impairments

7   constitute a "disability" as defined in 34 C.F.R. §104.3(j).

8   361.  By virtue of his disability as described in Paragraphs 13 through 17, inclusive, Plaintiff

9   S.C. is a qualified individual within the meaning of The Rehabilitation Act and regulations

10   issued thereunder.

11   362.  Defendant COLLEGE HOSPITAL knew or should have known that Plaintiff required

12   related aids, services and placement in order to sustain any placement in the most integrated

13   setting, and as such, obtain benefit from its programs, because it had a record of the need for

14   these  supports from assessments found in Plaintiff's education and juvenile court records.

15   363.  Defendant COLLEGE HOSPITAL discriminated against S.C., when they (1) failed to

16   provide intensive  mental health and behavioral services required to sustain a placement, (2)

17   regularly excluded him from placements because of disability related behavior, (3) denied him

18   access to the most integrated setting appropriate to his needs, and (4) confined him for an

19   extensive period at COLLEGE HOSPITAL and/or Juvenile Hall, thereby segregating him from

20   society and denying him the opportunity to benefit from its programs.

21   364.  Defendant COLLEGE HOSPITAL violated 34 C.F.R. §104.33(a) & (b) and effectively

22   excluded S.C. from participation in, denied him the benefit of, and subjected him to

23   discrimination under its programs and activities. The foregoing exclusion, denial and

24   discrimination were done solely by reason of S.C.'s disability and therefore violated the

25   Rehabilitation Act generally and 29 U.S.C. §794(a) specifically.

26   365.  Defendant COLLEGE HOSPITAL committed the acts and omissions alleged herein with

27   deliberate indifference to Plaintiff's rights because Defendant COLLEGE HOSPITAL was on

28   notice that S.C.'s required intensive mental health and behavioral services, and an appropriate

1  placement, and that the lack of the aforementioned were resulting in significant disruption to his

2  education and foster care and/or causing him to be held at a psychiatric hospital and/or juvenile

3  hall placement.

4  366.   Defendant COLLEGE HOSPITAL's acts and omissions alleged herein violated 34

5  C.F.R. §§104.4(b)(1)(i) and 104.33(a) and (d) and excluded S.C. from participation in, denied

6  him the benefit of, and subjected him to discrimination under their programs and activities. The

7  foregoing exclusion, denial and discrimination were done solely by reason of S.C.'s disability

8  and therefore violated the Rehabilitation Act generally and 29 U.S.C. ¶794(a) specifically.

9  367.   As the direct and proximate result of Defendant COLLEGE HOSPITAL's failure to

10  provide those aforementioned related aids, services and placement and discriminatory actions,

11  S.C. (1) was physically injured and his mental impairment was exacerbated, (2) suffered

12  emotional distress, and humiliation, (3) was deprived of educational services, mental health

13  services, behavioral supports, placement, and case management services in the community, and

14  (4) and experienced a permanent loss of developmental opportunity.

15  368.   Plaintiff S.C. seeks general damages, as well as reasonable attorneys' fees and costs

16  incurred in bringing this action.

17

18  ***Causes of Action as to Defendant REGIONAL CENTER***

19

20  **TWENTY-NINTH CAUSE OF ACTION**

21  **Negligence and Negligent Supervision**
by Plaintiff S.C. against Defendants REGIONAL CENTER and DOES 41 through 50

22

23  369.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

24  through 368, inclusive, as though set forth fully herein.

25  370.   Defendant REGIONAL CENTER and their employees DOES 41 through 50, inclusive,

26  (collectively herein "DEFENDANTS"), owed S.C. a duty to care for, protect, and oversee his

27  placements and foster care and mental health services.

28  371.   DEFENDANTS had a special relationship with Plaintiff, which imposes independent

1  affirmative duty of care owed by DEFENDANTS to Plaintiff.

2  372.  California Government Code §820(a) provides that a public employee is liable for injury

3  proximately caused by his/her own negligent or wrongful act or omission to the same extent as a

4  private person. At all times DOES 41 through 50 were acting within the course and scope of their

5  public employment by Defendant REGIONAL CENTER.

6  373.  DEFENDANTS knew or should have known S.C. was a person with a disability whose

7  disabilities required mental health and behavioral health services as described in Paragraphs 13

8  through 17, inclusive, because Plaintiff had a record of his disabilities and DEFENDANTS

9  regarded him as an individual with disabilities.

10  374.  Given his disabilities, Plaintiff S.C. was particularly vulnerable, thus requiring

11  DEFENDANTS to exercise a higher degree of vigilance than would be necessary for an

12  individual with no disabilities.

13  375.  DEFENDANTS breached their aforementioned duties by failing to provide a safe and

14  secure placement with intensive mental health and behavioral services, resulting in his frequent

15  elopement and exposure to violence and harm, and by confining him in a psychiatric hospital

16  and/or juvenile hall to his detriment.

17  376.  Defendant REGIONAL CENTER is vicariously and otherwise liable for the torts of their

18  employees DOES 41 through 50, inclusive, who were acting within the scope of their

19  employment when they intentionally or negligently failed to train, supervise, discipline, or

20  terminate employees who facilitated, encouraged, ordered, consented to, or engage in the actions

21  described herein. *See* Cal. Gov. Code § 815.2(a).

22  377.  S.C.'s injuries were the proximate and foreseeable result of the absence of safeguards

23  DEFENDANTS had a duty to provide. Furthermore, S.C.'s injuries were the proximate and

24  foreseeable as DEFENDANTS were aware of S.C.'s disability related behavior based on his

25  education and juvenile court records.

26  378.  S.C. suffered severe emotional and physical distress including humiliation, pain and

27  suffering.

28  379.  Plaintiff S.C. seeks general damages, nominal damages, as well as costs incurred in

1    bringing this action.

2

3                          **THIRTIETH CAUSE OF ACTION**
                          **Violation of Mandatory Statutory Duties**
4                  by Plaintiff S.C. against Defendant REGIONAL CENTER

5

6    380.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

7    through 379, inclusive, as though set forth fully herein.

8    381.  California Government Code §815.6 provides a private right of action where a public

9    entity is under a mandatory duty imposed by an enactment that is designed to protect against the

10   risk of a particular kind of injury, such that the public entity is liable for an injury of that kind

11   proximately caused by failure to discharge the duty unless the public entity establishes that is

12   exercised reasonable diligence to discharge that duty.

13   382.  California Government Code §815.2 provides that a public entity is liable for injury

14   proximately caused by an act or omission of an employee of the public entity within the scope of

15   his or her employment if the act or omission of an employee or his personal representative.

16   383.  California Government Code §815.4 provides that a public entity is liable for injury

17   proximately caused by a tortious act or omission of an independent contractor of the public entity

18   to the same extent that the public entity would be subject to liability if it were a private person.

19   384.  California Education Code §§ 56155, and 56159, and California Welfare and Institutions

20   Code §4640, *et seq.* set forth the generally described legislative intent, for the service and

21   support that Regional Centers are to provide to those persons who are eligible for services and

22   supports by regional centers.

23   385.  At all times mentioned herein, Defendants REGIONAL CENTER and DOES 41 through

24   50, inclusive, (collectively herein "DEFENDANTS") owed the following mandatory duties of

25   care to Plaintiff pursuant to the following statutes, among others:

26                  a.  Pursuant to California Government Code §815.6, said DEFENDANTS owed

27                      mandatory duties impose by the enactment and regulations described below which

28                      were designed to protect Plaintiff against the risk of the particular injuries

---

1    complained herein and said DEFENDANTS are therefore liable to Plaintiff for

2    such injuries proximately suffered;

3    b.   Pursuant to California Education Code §§ 56155, and 56159, DEFENDANTS

4    owed mandatory duties to provide residential cost and costs of non-education

5    services; and

6    c.   Pursuant to California Welfare and Institutions Code §4648, DEFENDANTS

7    owed mandatory duties to secure needed services, placement, and supports to

8    determine the Plaintiff's individual program plan.

9    386.  DEFENDANTS violated the mandatory statutory duties imposed upon them by

10   California Education Code §§56155, and 56159, and California Welfare and Institutions Code

11   §4640, *et seq.* by the following:

12   a.   Failing to provide Plaintiff access to services and supports, including intensive

13   mental health and behavioral health services he required to live in the community

14   and prevent institutionalization;

15   b.   Failing to identify and fund a living arrangement for Plaintiff in an appropriate

16   placement which met his special needs and was in the most integrated setting

17   appropriate to his needs;

18   c.   Failing to develop an appropriate and updated individual program plan for

19   Plaintiff to ensure his protection and safe and proper case management to address

20   his needs;

21   d.   Confining him for an extensive period at COLLEGE HOSPITAL and/or Juvenile

22   Hall.

23   387.  DEFENDANTS breached each and every of their various mandatory duties of care owed

24   to Plaintiff as generally alleged herein so as to proximately cause Plaintiff to suffer the injuries

25   and damages as alleged herein.

26   388.  DEFENDANTS breach of their mandatory duties of care owed to Plaintiff as described

27   herein was the result of the Defendant's failure to exercise reasonable diligence in the discharge

28   of its respective duties owed to Plaintiff as set forth herein.

389.  DEFENDANTS breach of the mandatory duties of care owed to Plaintiff as set forth herein establishes a presumption of the DEFENDANTS' negligence pursuant to California Evidence Code §669.

390.  As the direct and proximate result of DEFENDANTS' act and/or omissions, S.C. (1) was physically injured and his condition was exacerbated, (2) suffered emotional distress, and humiliation, (3) was deprived of public education, foster care, and health services, and (4) and experienced a permanent loss of developmental opportunity. Plaintiff has suffered general damages in an amount according to proof.

391.  As a further proximate result of the breach of mandatory duties alleged against DEFENDANTS, Plaintiff has incurred and will continue to incur medical, psychological and related expenses in an amount according to proof.

## THIRTY-FIRST CAUSE OF ACTION
### Unruh Civil Rights Act
by Plaintiff S.C. against Defendants REGIONAL CENTER and DOES 41 through 50
Cal. Civ. Code §§51, et seq.

392.  Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 391, inclusive, as though set forth fully herein.

393.  As defined for purposes of the Unruh Civil Rights Act, (the "Unruh Act") by Civil Code §51(e)(1), and described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. has a disability within the meaning of the Unruh Act.

394.  Defendant REGIONAL CENTER is a business establishment for the purposes of the Unruh Act.

395.  Defendant DOES 41 through 50, inclusive, are employees of the Defendant REGIONAL CENTER and are sued in both their official and individual capacity.

396.  Pursuant to Civil Code §51(f), the ADA violation committed by Defendants REGIONAL CENTER and DOES 41 through 50, inclusive, as alleged in Paragraphs 417 through 429, inclusive, also constitutes a violation of the Unruh Act against all Defendants.

397.  Alternatively, by engaging in the actions described in Paragraphs 13 through 71,

1   inclusive, Defendants REGIONAL CENTER and DOES 41 through 50, inclusive, engaged in

2   discriminatory conduct that denied, aided, or incited a denial of the rights of Plaintiff S.C. to

3   enjoy the full and equal access to his accommodations, goods, facilities, and services.

4   398.   As described in Paragraphs 13 through 71, inclusive, Defendants REGIONAL CENTER

5   and DOES 41 through 50, inclusive, actions were intentional, willful, and affirmatively

6   discriminatory towards Plaintiff's rights under the Unruh Act because Defendants' refusal to

7   place Plaintiff was deliberate, with the full knowledge that their failure to act resulted in his

8   prolonged and continued confinement in a psychiatric hospital and/or juvenile hall.

9   399.   As the direct and proximate result of Defendants REGIONAL CENTER and DOES 41

10   through 50, inclusive, failure to provide those aforementioned related aids, services and

11   placement and discriminatory actions, S.C. (1) was physically injured and his mental impairment

12   was exacerbated, (2) suffered emotional distress, and humiliation, (3) was deprived of

13   educational services, mental health services, behavioral supports, placement, and case

14   management services in the community, and (4) and experienced a permanent loss of

15   developmental opportunity.

16   400.   Under Civil Code §52(a), Plaintiff S.C. is entitled to recover statutory damages, general

17   damages as well as treble damages according to proof.

18

19   **THIRTY-SECOND CAUSE OF ACTION**

20   **Violation of California Government Code §11135**
by Plaintiff S.C. against Defendants REGIONAL CENTER and DOES 41 through 50

21

22   401.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

23   through 400, inclusive, as though set forth fully herein.

24   402.   California Government Code §11135 states in relevant part that "[N]o person in the State

25   of California shall on the basis of . . . mental disability, physical disability, medical condition . .

26   . be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to

27   discrimination under, any program or activity that is conducted, operated, or administered by the

28   state or by any state agency, is funded directly by the state, or receives financial assistance from

1 | the state."

2 | 403. At all times relevant to this action, Plaintiff was and is a qualified individual within the

3 | meaning of the California Government Code §11135.

4 | 404. At all times relevant, Defendants REGIONAL CENTER and DOES 41 through 50,

5 | inclusive, (collectively herein "DEFENDANTS") received financial assistance from the State of

6 | California within the meaning of Government Code §11135 *et seq.*

7 | 405. California Government Code §11135(b) incorporated the protections and prohibitions

8 | contained in the Americans with Disabilities Act ("ADA") and it's implementations regulations.

9 | 406. DEFENDANTS have violated California Government Code §11135 that the conduct

10 | alleged herein constitutes a violation of the ADA, Section 504 of the Rehabilitation Act, and the

11 | Unruh Civil Rights Act.

12 | 407. DEFENDANTS have failed to provide Plaintiff with full and equal access to their

13 | facilities, programs, services and activities as required by California Government Code §11135

14 | *et seq.*

15 | 408. As a proximate result of DEFENDANTS' violation of California Government Code

16 | §11135, Plaintiff has been injured as set forth herein.

17 | 409. Plaintiff seeks equitable relief, and general damages.

18 |

19 | **THIRTY-THIRD CAUSE OF ACTION**

20 | **Violation of Civil Rights**
by Plaintiff S.C. against Defendants REGIONAL CENTER and DOES 41 through 50

21 | 42 U.S.C. §1983

22 | 410. Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1

23 | through 409, inclusive, as though set forth fully herein.

24 | 411. Plaintiff is informed, believes, and alleges that in doing all of the things alleged,

25 | Defendant REGIONAL CENTER acted under color of law of statutes, regulations, ordinances,

26 | customs, usages of the REGIONAL CENTER and the State of California and in the performance

27 | of their official duties.

28 | 412. At all times, Defendant REGIONAL CENTER had a duty to adequately train, direct,

1  supervise, and control the actions of Defendant REGIONAL CENTER employees, such as

2  DOES 41 through 50, inclusive, to enforce those rules and regulations set forth necessary for the

3  protection and promotion of Plaintiff best interests and the implementation of Plaintiff's case

4  plan, and to enforce compliance with the Juvenile Court's orders in effect.

5     413.  At all times, Defendant DOES 41 through 50, inclusive, were acting within the scope of

6  their employment and pursuant to the official policies, customs and practices of Defendant

7  REGIONAL CENTER. These unlawful policies and practices were enforced by Defendant

8  REGIONAL CENTER, and were the moving force, proximate cause, or affirmative link behind

9  the conduct causing injury to Plaintiff.

10     414.  At all times, Defendant REGIONAL CENTER, who supervised the individuals who

11  unlawfully violated Plaintiff's rights, developed, encouraged and tolerated the unlawful policies

12  and practices described in the foregoing allegations. Defendant REGIONAL CENTER acted

13  knowingly and with deliberate indifference to the Constitutional rights of citizens, of Plaintiff in

14  particular, and maintained and permitted an official policy, custom and practice of permitting the

15  occurrence of the types of wrongs set forth. These policies, customs, and practices, include, but

16  are not limited to, knowingly permitting its agents and employees to act with deliberate

17  indifference in the implementation of and in the failure to implement the various alleged laws,

18  enactments, statutes, and regulations for its minor dependents such as Plaintiff.

19     415.  Defendants REGIONAL CENTER and DOES 41 through 50, inclusive, conduct as

20  alleged threatened to deprive and did deprive Plaintiff of his rights, privileges, and immunities as

21  secured to him by the Constitution of the United States, including Plaintiff's right to safety and

22  freedom from harm, and the right not to be deprived of state or federally created liberty or

23  property rights as guaranteed by the First, Fourth, Eighth, and Fourteenth Amendment to the

24  United States Constitution.

25     416.  In addition to economic and non-economic damages, Defendants REGIONAL CENTER

26  and DOES 41 through 50, inclusive, violations of Plaintiff's civil rights as alleged entitles

27  Plaintiff to compensatory damages, attorney fees and other remedies, all of which are provided

28  for in 42 U.S.C. §1983, et seq.

## THIRTY-FOURTH CAUSE OF ACTION
### Americans with Disabilities Act
by Plaintiff S.C. against Defendant REGIONAL CENTER
42 U. S. C. §§ 12101, *et seq.*
42 U.S.C. §§12181, *et seq.*

417. Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 416, inclusive, as though set forth fully herein.

418. Defendant REGIONAL CENTER is a public entity within the meaning of Title II of the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. §12131(1).

419. Under Title II of the ADA, "[N]no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. §12132.

420. Alternatively to Paragraphs 418 through 419, inclusive, Defendant REGIONAL CENTER is a private entity that operates a place of public accommodations within the meaning of Title III of the ADA. *See* 42 U.S.C. §12181(6)(7).

421. Under Title III of the ADA, "[N]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation." *See* 42 U.S.C. §12182(a).

422. At all times pertinent to this Complaint, S.C.'s disabilities have substantially limited one or more of his major life activities, including (1) learning, (2) concentrating , (3) thinking, (4) communicating (5) interacting,  and (5) attending school. Accordingly, S.C.'s impairments constitute a "disability" as defined in 42 U. S. C. § 12102(1).

423. By virtue of his disability as described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. is a qualified individual within the meaning of the ADA and regulations issued thereunder.

424. Defendant REGIONAL CENTER knew or should have known S.C. was a person with a disability whose disabilities required mental health and behavioral health services as described in Paragraphs 13 through 17, inclusive, because Plaintiff had a record of his disabilities and

1   Defendants regarded him as an individual with disabilities.

2   425.  Defendant REGIONAL CENTER knew or should have known that Plaintiff required

3   related aids, services and placement in order to sustain any placement in the most integrated

4   setting, and as such, obtain benefit from its programs, because it had a record of the need for

5   these  supports from assessments found in Plaintiff's education and juvenile court records.

6   426.  Defendant REGIONAL CENTER discriminated against S.C., when it (1) failed to

7   provide intensive  mental health and behavioral services required to sustain a placement, (2)

8   regularly excluded him from placements because of disability related behavior, (3) denied him

9   access to the most integrated setting appropriate to his needs, and (4) confined him for an

10   extensive period at COLLEGE HOSPITAL and/or juvenile hall, thereby segregating him from

11   society and denying him the opportunity to benefit from its programs.

12   427.  Defendant REGIONAL CENTER committed the acts and omissions alleged herein with

13   deliberate indifference to Plaintiff's rights because Defendant REGIONAL CENTER was on

14   notice that S.C.'s required intensive mental health and behaviors services, and an appropriate

15   placement, and that the lack of the aforementioned were resulting in significant disruption to his

16   education and foster care and/or causing him to be held at a psychiatric hospital and/or juvenile

17   hall placement.

18   428.  As the direct and proximate result of Defendant REGIONAL CENTER's failure to

19   provide those aforementioned related aids, services and placement and discriminatory actions,

20   S.C. (1) was physically injured and his mental impairment was exacerbated, (2) suffered

21   emotional distress, and humiliation, (3) was deprived of educational services, mental health

22   services, behavioral supports, placement, and case management services in the community, and

23   (4) and experienced a permanent loss of developmental opportunity.

24   429.  Plaintiff S.C. seeks general damages, as well as reasonable attorneys' fees and costs

25   incurred in bringing this action.

26   //

27   //

28   //

**THIRTY-FIFTH CAUSE OF ACTION**
**Section 504 of The Rehabilitation Act**
by Plaintiff S.C. against Defendant REGIONAL CENTER
29 U. S. C. §§ 794, et seq.

430.   Plaintiff incorporates by this reference the allegations set forth above in Paragraphs 1 through 429, inclusive, as though set forth fully herein.

431.   Under the Rehabilitation Act, a qualified individual with a disability shall not, solely by reason of their disability, be excluded from participation in or be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. *See* 29 U. S. C. § 794.

432.   Under the Rehabilitation Act, the phrase "program or activity" includes local educational agencies and other school systems. 29 U. S. C. § 794(b)(2)(B).

433.   Defendant REGIONAL CENTER was a recipient of federal funding within the meaning of Section 504 of the Rehabilitation Act ("The Rehabilitation Act"). *See* 29 U.S.C. § 794(b).

434.   At all times pertinent to this Complaint, S.C.'s disabilities have substantially limited one or more of his major life activities, including (1) learning, (2) concentrating , (3) thinking, (4) communicating (5) interacting,  and (5) attending school. Accordingly, S.C.'s impairments constitute a "disability" as defined in 34 C.F.R. §104.3(j).

435.   By virtue of his disability as described in Paragraphs 13 through 17, inclusive, Plaintiff S.C. is a qualified individual within the meaning of The Rehabilitation Act and regulations issued thereunder.

436.   Defendant REGIONAL CENTER knew or should have known that Plaintiff required related aids, services and placement in order to sustain any placement in the most integrated setting, and as such, obtain benefit from its programs, because it had a record of the need for these  supports from assessments found in Plaintiff's education and juvenile court records.

437.   Defendant REGIONAL CENTER discriminated against S.C., when they (1) failed to provide intensive  mental health and behavioral services required to sustain a placement, (2) regularly excluded him from placements because of disability related behavior, (3) denied him access to the most integrated setting appropriate to his needs, and (4) confined him for an

1  extensive period at COLLEGE HOSPITAL and/or Juvenile Hall, thereby segregating him from

2  society and denying him the opportunity to benefit from its programs.

3      438.  Defendant REGIONAL CENTER violated 34 C.F.R. §104.33(a) & (b) and effectively

4  excluded S.C. from participation in, denied him the benefit of, and subjected him to

5  discrimination under its programs and activities. The foregoing exclusion, denial and

6  discrimination were done solely by reason of S.C.'s disability and therefore violated the

7  Rehabilitation Act generally and 29 U.S.C. §794(a) specifically.

8      439.  Defendant REGIONAL CENTER committed the acts and omissions alleged herein with

9  deliberate indifference to Plaintiff's rights because Defendant REGIONAL CENTER were on

10  notice that S.C.'s required intensive mental health and behavioral services, and an appropriate

11  placement, and that the lack of the aforementioned were resulting in significant disruption to his

12  education and foster care and/or causing him to be held at a psychiatric hospital and/or juvenile

13  hall placement.

14      440.  Defendant REGIONAL CENTER's acts and omissions alleged herein violated 34 C.F.R.

15  §§104.4(b)(1)(i) and 104.33(a) and (d) and excluded S.C. from participation in, denied him the

16  benefit of, and subjected him to discrimination under their programs and activities. The

17  foregoing exclusion, denial and discrimination were done solely by reason of S.C.'s disability

18  and therefore violated the Rehabilitation Act generally and 29 U.S.C. ¶794(a) specifically.

19      441.  As the direct and proximate result of Defendant REGIONAL CENTER's failure to

20  provide those aforementioned related aids, services and placement and discriminatory actions,

21  S.C. (1) was physically injured and his mental impairment was exacerbated, (2) suffered

22  emotional distress, and humiliation, (3) was deprived of educational services, mental health

23  services, behavioral supports, placement, and case management services in the community, and

24  (4) and experienced a permanent loss of developmental opportunity.

25      442.  Plaintiff S.C. seeks general damages, as well as reasonable attorneys' fees and costs

26  incurred in bringing this action

27  //

28  //

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff S.C. requests this Court enter judgment as follows:

1. On the FIRST, SECOND, EIGHTH, NINETH, FIFTEENTH, SIXTEENTH, TWENTY-SECOND, TWENTY-THIRD, TWENTY-NINTH, and THIRTIETH CAUSES OF ACTION for general damages, nominal damages, as well as costs according to proof;

2. On the SECOND CAUSES OF ACTION for general damages, nominal damages, as well as costs according to proof;

3. On the THIRD, TENTH, SEVENTEENTH, TWENTY-FOURTH, and THIRTY-FIRST CAUSES OF ACTION for statutory damages, general damages, treble damages, as well as costs according to proof;

4. On the FOURTH, ELEVENTH, EIGHTEENTH, TWENTY-FIFTH, and THIRTY-SECOND CAUSES OF ACTION for general damages, nominal damages, equitable relief, as well as costs according to proof;

5. On the FIFTH, SIXTH, SEVENTH, TWELFTH, THIRTEENTH, FOURTEENTH, NINETEENTH, TWENTIETH, TWENTY-FIRST, TWENTY-SIXTH, TWENTY-SEVENTH, TWENTY-EIGHTH, THIRTY-THIRD, THIRTY-FOURTH, and THIRTY-FIFTH CAUSES OF ACTION for general damages, as well as reasonable attorneys' fees and costs according to proof;

6. For ordinary costs of litigation; and

7. For such other and further relief as the Court may deem just and proper.

DATED: June 5, 2021                    LAW OFFICES OF HIRJI & CHAU, LLP

Alex Rodriguez
Attorneys for Plaintiff S.C. by and through
his Guardian Ad Litem (*pending*)

1   ## DEMAND FOR A JURY TRIAL

2   Plaintiff hereby demands a jury trial.

3

4   DATED: June 5, 2021                    LAW OFFICES OF HIRJI & CHAU, LLP

5

6

7

8                                          Alex Rodriguez
                                           Attorneys for Plaintiff S.C. by and through
9                                          his Guardian Ad Litem (*pending*)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28